RECEIVED
2022 JAN 18 AM 11: 54
CLERK U.S. DIST. COURT
WEST. DIST. OF MO.
KANSAS CITY, MO.

IN THE UNITED STATES COURT
FOR THE DISTRICT OF MISSOURI

Jackson, Kris Chapter

Plaintiff,

v.

SOAVE AUTOMOTIVE GROUP, INC.; T.E.N. INVESTMENTS, INC.; ARISTOCRAT MOTORS – MERCEDES BENZ; PORSCHE CARS NORTH AMERICA, INC.; SANTANDER CONSUMER USA, INC; CHRYSLER CAPITAL; Marion Battaglia, an Individual; Stephanie Anne Turner aka Stephanie Gador, an Individual and employee; Angela Lewitzke, an Individual and employee; and Robert Hellweg an Individual and employee; Kayce Jones an Individual and employee; and DOES 1-50 Jane Does and John Does

Defendant(s)

________________________________/

Case No. 4:22-CV-00018-DGK

FIRST AMENDED

VERIFIED COMPLAINT

JURY DEMAND

**FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff, as an individual and as a citizen United States of America, for her complaint for a permanent injunction/ for violations of Federal Odometer Law, Common Law Fraud, Violations of the Kansas Consumer Protections Act, Breach of Express and Implied Warranties and of the Magnuson-Moss Federal Warranty Act, for FTC Holder Rule or Lender Liability, and Claims in Tort, Truth In Lending Act (TILA), and Under Consumer Protection Statutes Regarding Retaliatory and

Improper Credit Reports alleges as follows;

## I. Parties, Standing, Jurisdiction and Venue

**1.** Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1367, and 49 U.S.C. § 32710(b); the amount in controversy exceeds $50,000, exclusive of interest and costs.

**2.** Plaintiff /Consumer is an individual and citizen of the State of Missouri.

**1.** **Plaintiff;** Jackson is a private citizen, acting as her own private attorney General, who brings this action against the defendants pro se; Jackson a consumer/Private citizen has authority to bring this action for she was deprived from the statutory and common law of the State of Kansas, specifically the Kansas Consumer Protection Act, K.S.A. 50-623, *et seq.* (hereinafter referred as KCPA).

**2.** **Defendant;** SANTANDER CONSUMER USA INC. is a Texas for profit Corporation with its 1601 Elm St Ste 800 Dallas, TX 75201 and can be served at its principal place of business.

**3.** **Defendant**; CHRYSLER CAPITAL is a subsidiary of Santander Consumer USA, Inc. with its principal place of business at 1601 Elm St. Ste. 800 Dallas, TX 75201 and can be served at its principal place of business.

DEFENDANT(S) CHRYSLER CAPITAL AND SANTANDER CONSUMER USA, INC. ARE HEREINAFTER REFERRED TO COLLECTIVELY AS ("CHRYSLER CAPITAL").

**4.** **Defendant**; T.E.N. INVESTMENTS, INC. a Missouri For Profit Corporation with a principal place of business at 9400 W 65th Street, Merriam, Kansas 66203. Defendant T.E.N. Investments, Inc. d.b.a. Aristocrat Motors – Mercedes Benz and can be

served at its principal place of business and at CT Corporation System 120 South Central Ave. Clayton, MO 63105. (hereinafter referred as the Ten Motors).

5. **Defendant**; Soave Automotive Group, Inc. a Missouri For Profit Corporation with a principal place of business 13851 Madison Ave. Kansas City, MO 64145 and can be served at CT Corporation System 120 South Central Ave. Clayton, MO 63105.

6. **Defendant;** Aristocrat Motors – Mercedes Benz is a for profit business with a principal place of business at 9400 W 65th St. Merriam, KS 66203 and can be served at this address.

7. **Defendant;** PORSCHE CARS NORTH AMERICA, INC. is a for profit business with a principal place of business at One Porsche Drive Atlanta, GA 30354 and can be served at CT Corporation System 289 S Culver St Lawrenceville, GA 30046-4805.

8. **Defendant;** Marion Battaglia, an Individual and CEO and President of Aristocrat Motors with his personal address of record listed as 5101W 116th St Leawood, KS 66211 and can be served at this address or business address 9400 W 65th St. Merriam, KS 66203.

9. **Defendant;** Robert Hellweg, an Individual and Senior Vice President/ Marketing Director of Aristocrat Motors /Soave Automotive Group with his business address 9400 W 65th St. Merriam, KS 66203.

10. **Defendant;** Angela Lewitzke, an Individual and controller/ Secretary of Aristocrat Motors with her personal address of record listed as 4030 Jackson Dr. Apartment 105, Independence, MO 64057 and can be served at this address or business address 9400 W 65th St. Merriam, KS 66203. (hereinafter referred as John or Jane Doe)

**11. Defendant;** Stephanie Anne Turner also known as Stephanie Gador, an Individual and finance manager of Aristocrat Motors, Ten Investment, Soave employee with her residence being 14501 Woodson Street, Overland Park Kansas 66223, with a regular mailing address of P.O. Box 3500; Kansas City, Kansas 66103-0500 (hereinafter referred as the Turner or Stephanie).

**12. Defendant;** Kayce Jones, an Individual and Title Specialist of Aristocrat Motors/ Soave Automotive Group with her employment business address (Quote Factory) 7208 W 80th St Ste 204, Overland Park, KS 66204.

**13.** All references to Defendants herein included acts individually, in concert, or by or through employees, agents, representatives, affiliates, assignees and successors. All conduct of the managers, agents, and employees of Aristocrat Motors/ Ten Motors as alleged in this Complaint was within the course and scope of their employment or agency by or on behalf of Aristocrat Motors/ Ten Motors. All conduct of the managers, agents, and employees of Chrysler Capital as alleged in this Complaint was within the course and scope of their employment or agency by or on behalf of Chrysler Capital. All conduct of the managers, agents, and employees of Santander Consumer USA Inc. as alleged in this Complaint was within the course and scope of their employment or agency by or on behalf of Santander Consumer USA Inc.

**Allegations Common to All Counts**

**14.** Aristocrat Motors/Ten Motors purchased a Brand New 2015 Porsche Cayenne S, vehicle identification number WP1AB2A26FLA59974 (the vehicle), on or about 2015.

**15.** On or about April 03, 2015 Ronald G. Myers owner of Kraft Tool Co. visited Defendants Aristocrat Motors, TEN Investments dealership, and purchased a new 2015

Porsche Cayenne (Vin Number WP1AB2A26FLA59974) (Hereinafter referred to as "Porsche") at the time of purchase the Vehicle had 18 miles **(See Exhibit; 1 Certificate of Title)**.

**16.** On or about October 24, 2017 Kraft Tool Co. owner Ronald G. Meyer attempted to sell the 2015 Porsche Cayenne (Vin Number WP1AB2A26FLA59974) (Hereinafter referred to as "vehicle") back to Defendants Aristocrat Motors on behalf of his company Kraft Tool Co. Ronald G. Meyer did not completely fill out the title paperwork for the sale of the Porsche therefore the transfer which was incomplete.

**17.** The Defendants Aristocrat Motors, Ten Investments, Soave Automotive or its employees or agents ( Kayce Jones) did not legally obtain the transfer of the vehicle nor did the Defendants seek to quiet title on the vehicle to properly obtain title for the vehicle because the transfer documents were incomplete.

**18.** The Defendant Aristocrat took matters into there own hands and began forging Ronald G. Meyers name on documents transfer/title document for the Department of Motor Vehicle for the Porsche in order to fraudulently complete the sale without the help of the owner of Kraft Tool Co. (Ronald G. Meyers) knowledge and without a quiet title action. The Defendant Aristocrat, Ten Investment, Kayce Jones and its employees forged Ronald G. Meyers name on the title paperwork in hopes of obtaining the title to the vehicle Porsche without Ronald G. Meyers participation and/or knowledge. The Defendant Aristocrat, Ten Investments, Soave Automotive, Kayce Jones made false and deceptive statements to obtain a fraudulent transfer and a fraudulent Kansas Secure Power of Attorney in hopes of signing Ronald G. Meyers name on the title and other documents as herein describe to obtain a transfer of title, roll back miles, and to assign

such title to a new buyer. Defendants Aristocrat Motor, Ten Investments, Soave Automotive, Kayce Jones came up with a scam to gave a fake/fictitious name/identity on the Kansas Secure Power of Attorney; purporting to be a Donald G. Meyer instead of Ronald G. Meyer **(Exhibit 2; Kansas Secure Power of Attorney)** such Defendants forged Donald G. Meyer signature and Ronald G. Meyer signature on the title doucments for the vehicle herein.

**19.** Under Federal law and State law, the title transfer required Ronald G. Meyer to state his real legal name and to state the real mileage upon the transfer of ownership. Providing false statements may result in fines or imprisonment. Defendants Aristocrat Motors, Ten Investments, Soave Automotive, and their employee Kayce Jones committed fraud and forged Ronald G. Meyer name by creating a fictitious person by the name of Donald G. Meyer purporting a Donald G. Meyers to be the owner Kraft Tool Co on the title transfer documents when Defendants in fact knows that he is not.

**20.** The Defendants Aristocrat Motors, Ten Investments, Soave Automotive created a fake name of Donald G. Meyer on the transfer title documents, Secure power of attorney and affidavit. Defendant Aristocrat created a scheme to sign the documents for the transfer of the vehicle themselves forging the title documents and obtained through fraud a Kansas Secure Power of Attorney of a fictitious person a Donald G. Meyer in hopes of securement of title and to roll back miles- Each of the representations as alleged was false and Defendants Aristocrat Motors, Ten Investments, Soave Automotive, and their employee Kayce Jones knew such representation was false. The Defendant Aristocrat did not obtain title properly for the Porsche and committed fraud and perjury upon the transfer of ownership form.

**21.** The Kansas Secure Power of Attorney is fraudulent **(See Exhibit 2)** and required the owner of Kraft Tool Co. (Ronald G. Meyer) to sign the title transfer documents, and the Kansas Secure Power of Attorney should have been signed by the owner of Kraft Tool Co. in order to legally state the odometer reading (miles) and to legally and properly, transfer title of the Porsche.

**22.** Defendant Aristocrat gave a fake name of a Donald G. Meyer on the Kansas Secure Power of Attorney form as transferors. Defendant Aristocrat did not fill in or give the transferee's street Address on the Kansas Secure Power of Attorney and left such space blank. The Defendant Aristocrat did not complete the fraudulent Secure Power of Attorney as required by law. **(See Exhibit 2)** The fictitious Donald G. Meyer' Drivers License Number and state of issue at the top of the page was also left blank. Defendant Aristocrat signed Ronald G. Meyers name for the Transferor's signature but filled in a false name of Donald G. Meyer for the transferors printed name at the top of the document **(See Exhibit 2)**.

**23.** The Kansas Secure Power of Attorney **(See Exhibit 2)** was improperly filled out and states I, transferor's name, Kraft Tool by Donald G. Meyer, appoint as my attorney in-fact transferees/dealership name Aristocrat Motors, for the purpose and with full authority to endorse and transfer title thereto, and disclose the mileage to this vehicle exactly as stated in the following disclosure although such statement was known to be false by the Defendants Aristocrat Motors, Ten Investments, Soave Automotive, and their employee Kayce Jones. The Defendants Aristocrat Motors, Ten Investments, Soave Automotive, and their employee Kayce Jones fictitious person in which the Defendants made up gave false (Donald G. Meyer ) gave false statements on the Kansas Secure

Power of Attorney who has no association with the company Kraft Tool aka Kraft Tool Company.

**24.** The Defendants Aristocrat Motors, Ten Investments, Soave Automotive, and their employee Kayce Jones used a false person by the name of Donald G. Meyer on the title by forgeries gave a false odometer disclosure/ reading as to the vehicle.

**25.** The Kansas Secure Power of Attorney **(See Exhibit 2)** is left blank on section B, "transferee power of attorney, to review title documents, and acknowledge, disclosure", by Defendant Aristocrat Motors, Ronald G. Meyer, Donald G. Meyer and Kraft Tool. Part C. Certification on the form was also left blank. **(See Exhibit 2)**

**26.** The name, discrepancies/ forgeries on the title, Ronald G. Meyer vs. Donald G. Meyer void's the Kansas Secure Power of Attorney and the incompletion of the document and mileage discrepancies **(See Exhibit 2)** and the title transfer.

**27.** Defendant Aristocrat Motors, Defendants Aristocrat Motors, Ten Investments, Soave Automotive, and their employee Kayce Jones unlawfully signed a Donald G Meyers name a person the Defendants knowing knows doesn't exist and such representation Donald G. Meyer made on the title is false on the Kansas Secure Power of Attorney. **(See Exhibit 2)** and a Donald G. Meyers name appears for the printed name.

**28.** On October 24, 2017 a Donald G. Meyers stated on the Kansas Secure Power of Attorney form that the odometer now reads 52714 miles. **(See Exhibit 2)**

**29.** On October 24, 2017 Defendants Aristocrat Motors, Ten Investments, Soave Automotive, and their employee Kayce Jones purports that she is the Power of Attorney for a Donald G. Meyers in which the Defendants within this number 29, knowingly knew such representations were false.

**30.** On December 2021 Ronald G. Meyer asserts he did not give the Defendants Aristocrat Motors, Ten Investments, Soave Automotive, or their employee Kayce Jones Aristocrat a Secure Power of Attorney for a Donald G. Meyer. Ronald G. Meyer asserts his name was in fact "forged on multiple documents including the secure power of attorney.

**31.** Defendants Aristocrat Motors, Ten Investments, Soave Automotive, and their employee Kayce Jones created a second document with the fictitious person by the name of a Donald G. Meyer on another transfer Department of Motor Vehicle document; Defendants Aristocrat Motors, Ten Investments, Soave Automotive, and their employee Kayce Jones used a false name (Donald G. Meyer) on Affidavit of Correction on behalf of Donald G. Meyer business name in hopes of obtaining the title/assignment of title of the Porsche by fraud and deception and to by pass the real odometer and quote a lower amount of miles for Defendants benefit in order to obtain more then the vehicle was worth. **(See Exhibit 3; Affidavit of Correction)**.

**32.** On the Affidavit of Corrections **(See Exhibit 3; Affidavit of Correction)** the Defendants Aristocrat Motors, Ten Investments, Soave Automotive, and their employee Kayce Jones creation of a fictitious person Donald G. Meyer stated on the Affidavit of Corrections (quote): "I Donald G. Meyer, signed in addition to signing my business name on back of title in error". The printed name is "Donald G. Meyer" and the signature was not Ronald G. Meyer's signature and as such, was another forgery. The signature of a forgery of a Donald G. Meyer on Exhibit 2 Kansas Secure Power of Attorney and the signature for the fictitious Donald G. Meyer on the Affidavit of Correction **(See Exhibit 3)** are drastically different and are both forgeries. No Donald G. Meyer exists that has

association with the vehicle or whom is the owner of Kraft Tool Company as stated in the Affidavit of Correction such statements in the Affidavit of Correction was knowingly false and Defendants Aristocrat Motors, Ten Investments, Soave Automotive, and their employee Kayce Jones made theses statements with full knowledge that such statements within the Affidavit of corrections were knowingly false and that such events would cause harm to the consumer who may end up with the vehicle.

**33.** There is a Ronald who owns Kraft Tool Company but not a Donald. Exhibit 3, Affidavit of Correction, is a forgery and fraudulent document and a Donald G. Meyer makes a false statement on the affidavit of correction **(See Exhibit 3)** stating that he solemnly swears that he signed in addition to signing his business name on back of title in error. A fictitious Donald G. Meyer makes these statements on behalf of his fictitious business Kraft Tool and signs the affidavit of correction at the bottom affirming that by his signature he swears and affirms the above statement is true and accurate under the penalty of perjury. Donald G. Meyer states on the affidavit of corrections he is aware of the law in which provides severe penalties for making false statements under oath as to the Porsche.

**34.** The fictitious person Donald G. Meyer is the Defendants Aristocrat Motors, Ten Investments, Soave Automotive, and their employee Kayce Jones alter ego.

**35.** The Defendants Aristocrat Motors employee Defendant Kayce Jones handwriting appears on the Affidavit of Correction, Exhibit 3; Kayce Jones handwriting is also on the Kansas Secure Power of Attorney form **(See Exhibit 2)** and such handwriting is of Kayce Jones on the vehicle transfer document **(See Exhibit 4; Duplicate Title page 2)**. Such Documents are all a forgery and are fraudulent.

**36.** The Affidavit of Correction, Exhibit 3, is not Ronald G. Meyer's handwriting and is a forgery and a fraudulent document created by Defendant Aristocrat employee Kayce Jones.

**37.** On October 24, 2017 Kayce Jones became the Secure Power of Attorney for a Donald G. Meyer whom doesn't exist **(See Exhibit 2).** Kayce Jones signed the transfer of ownership form as SPOA **(See Exhibit 4)** of Kraft Tool and Donald G. Meyer. Defendant Kayce Jones certified the mileage and purports odometer disclosure/ the mileage to be 52714 for vin number WP1AB2A26FLA59974 as Secure Power of Attorney SPOA. Kayce Jones left the assignment of title area blank; under the question is this vehicle subject to a lien such box was not checked; the blank area must be checked yes or no. Referring herein to Exhibit 4 Assignment of Title.

**38.** The purchase price for the vehicle was left blank on the assignment of title form. Exhibit 4 and Exhibit 5. The Dealer number was left blank on the DMV Assignment of Title form Exhibit 4. The Federal Employment Identification number for Kraft Tool on Exhibit 4 was left blank.

**39.** Defendants Aristocrat Motors, Ten Investments, Soave Automotive, and their employee Kayce Jones have a fraudulent power of attorney for the Porsche and used the fraudulent power of attorney to knowing state and misrepresent the odometer reading on the vehicle by use of creating fraudulent documents to state a false odometer reading on the title documents for the vehicle. **(See Exhibit 2)**. Kraft Tool never legally sold the vehicle to Aristocrat Motors. Defendant Aristocrat has no valid documentation for the sale of the Porsche as to the title that isn't fraudulent as of October 24, 2017.

**40.** On 12/04/2018 the Plaintiff visited Defendant Aristocrat with the intention to

purchase a vehicle. Plaintiff was interested in purchasing a black Porsche Cayenne AWD 4dr S with a tow/camper package in fact the Plaintiff was under the impression Exhibit 6 was the vehicle she had in fact purchased. **(See Exhibit 6, "Dealer Section document)**

**41.** The Plaintiff informed Stephanie Turner that she had never financed a vehicle and that she had paid cash for previous vehicle purchases in the past. At this time Defendant Stephanie Turner, immediately informed Plaintiff that Plaintiff would need to co-borrower since Plaintiff had never financed a vehicle and had no credit cards or loan debt of any sort. Defendant Stephanie Turner made these statements without allowing the Plaintiff to complete a credit application by herself to even check to see if Plaintiff qualified to purchase a vehicle with financing based on Plaintiff' credit, income, down payment, assets, etc. But instead informed Plaintiff she needed a co-borrower who had purchased vehicles with financing in the past, and who had open credit card and/or loan accounts.

**42.** The Plaintiff then informed Defendant Stephanie Turner that the Plaintiff would ask her friend to come in with her to possibly be a co-borrower. Plaintiff then contacted Michael Russaw who agreed to come to Defendant Aristocrat to possibly be a co-borrower for the Plaintiff.

**43.** On 12/04/2018 around 6:00pm the Plaintiff and Michael Russaw sat down with Defendant Aristocrat Finance Manager Defendant Stephanie Turner. (Hereinafter referred to as "Turner") Turner instructed the Plaintiff and Russaw to only sign the bottom of the Credit Application with signatures; Turner then took the credit application document and began filling out the loan application herself **(See Exhibit 7, Loan Application)** for the Plaintiff and Russaw. Turner then began rushing the Plaintiff and

the co-applicant stating that she has to get the information fairly quickly before closes because the loan company will be closing soon.

**44.** Defendant Turner filled out the credit application for the Plaintiff and Russaw however the credit application in which Defendant Turner filled out was incomplete; the dealers name is blank, the dealers number is left blank, the year, model of the vehicle is left blank, the miles on car is left blank, the cash down payment is left blank, the amount financed is left blank, total sales price is left blank, monthly payment is left blank, the Plaintiff employers name is not correct, the Plaintiff employers address is left blank, applicants previous addresses is left blank, name of relative is left blank, name of personal friend is left blank, prior employer name is left blank, prior employer location is left blank, the annual monthly income is left blank, the source for the income is left blank, the question have you ever filed for bankruptcy is left blank, are you a United states citizen is left blank, have you ever financed or leased a car is left blank, have you had any property repossessed is left blank, do you now possess an unrestricted drivers license is left blank. Turner asked the Plaintiff how much she would be putting down and the Plaintiff stated $16,500 in which Turner wrote on the credit application on behalf of the Plaintiff that the Plaintiff income was in fact $16,000 monthly when in fact the $16,000 was not how much the Plaintiff made monthly but the amount the Plaintiff would be providing as a down payment. Turner' handwriting is the only handwriting on the incomplete loan application with the exception of the two signatures at the bottom. **(Exhibit 7)** The loan application states incomplete loan applications will not be processed.

**45.** After Turner finished with the incompletion of the credit application Turner

returned to the room with documents that Plaintiff and Michael Russaw had been approved for a loan with a 24.90% interest rate with the $16,500 down payment. **(See Exhibit 8; Retail Installment Sales Contract)**; the time in which the loan was purportedly approved with the incomplete credit application was around 6:30 pm when the loan offices were closed.

**46.** The Defendants Aristocrat, Defendant Chrysler Capital and Aristocrat employee Defendant Turner never ran Plaintiff' credit. Plaintiff checked her credit report and discovered no inquires from Aristocrat Motors or its sister companies/ alter egos Soave Automotive/ Ten Investments ever appeared.

**47.** Defendants Turner, Aristocrat, and Chrysler Capital never requested any qualifying documents to facilitate or support the loan. Defendants never requested Plaintiff or Russaw to provide proof of income for the loan, no proof of employment was requested of Plaintiff or Russaw. Defendant Aristocrat, Chrysler Capital or Turner never assessed and or verified the Plaintiff or Russaw's income, assets, employment, credit history or monthly expenses to determine if the buyer was qualified to pay back the car loan to the lender. No recent paycheck stubs were requested to be provided; a W-2 and or 1099's for the self-employed applicants were not requested by the lender or the dealership. Lenders often use tax returns to determine gross income such defendants Aristocrat Motors, Ten Motors, Turner, Chrysler Capital did not require proof of residence from Plaintiff or Russaw such as utility bill, lease agreement, credit card or bank statements. The Defendants Aristocrat Motors, Ten Motors, Turner, Chrysler Capital did not look at Plaintiff credit history to determine if she had late payments or unpaid bills, nor did such defendants Aristocrat Motors, Ten Motors, Turner, Chrysler

Capital look up Russaw or the Plaintiff total debt obligations to determine if Plaintiff or Russaw had a low enough debt-to-income ratio (DTI) to support an auto loan. Defendants Aristocrat Motors, Ten Motors, Turner, and its employees did not own the car to sell to the Plaintiff for a loan obligation.

**48.** The Defendants Aristocrat Motors, Chrysler Capital, Ten Motors, and its employee Turner gave the Plaintiff / Russaw a car loan without any proof of income and gave the Plaintiff a 24.90% interest rate, and made Russaw the Primary applicant/ and only buyer for the loan with a monthly payment of $811.24 when Russaw stated his unverified income was only $2,300 per month. Therefore, the monthly payment was approximately 40% of the alleged primary buyer's gross monthly income. Russaw never put any money down nor has he ever made a single payment on the loan to date.

**49.** Plaintiff is the only (solely) person whom paid the down payment of $16,500 dollars **(Exhibit 9; Cashier's Check)** for the fraudulent loan and has made every payment on the unlawful loan up until the date in which she discovered the fraud in August 2021 and had never missed a payment from 2019 – July 2021 **(See Exhibit 5 Payments of Car Ledger)**. Plaintiff is the only one whom has paid any consideration to date; the Plaintiff has paid over $40,000 dollars for a car she doesn't own, never received title for, never signed a purchase agreement for and a car which miles were rolled back and needed over $10,000 dollars of repairs as detailed below.

**50.** The Defendants Chrysler Capital approved Plaintiff for a loan without any qualification as to the Plaintiff and or Russaw.

**51.** In a haste Defendant Aristocrat, Ten Motors, and its employee Turner presented the Plaintiff and Russaw with a Retail Installment Contract on December 4, 2018 in a

rush at around 6:37 pm for a vehicle the Defendants forged documents for the fraudulent procurement of the assignment of title for vehicle Porsche Cayenne 2015.

**52.** A purchase agreement was never presented to the Plaintiff for her signature for the Porsche. Defendants Aristocrat, Ten Investments, Soave Automotive, and Chrysler Capital do not have a signed purchase agreement with the Plaintiff and the sale was never consummated the purchase although the Defendants Aristocrat Motors, Ten Investments, Soave Automotive, and their employee Turner took the Plaintiff down payment of 16,500 dollars.

**53.** The Plaintiff to date has never received nor has ever been presented a purchase agreement for the Porsche from the Defendant Aristocrat, Ten Motors, Turner, Porsche North America and or Chrysler Capital. Plaintiff doesn't have a purchase date for the vehicle and the Plaintiff has never purchased the vehicle to date. A purchase agreement was only signed, purportedly presented to Russaw for his signature such document doesn't have a date.

**54.** Defendants Aristocrat Motors, Ten Motors, and Chrysler Capital only have a purchase agreement for Russaw but not a date of purchase. There is no date of purchase for the Porsche as to the Plaintiff. **(See Exhibit 10; Russaw Purchase Agreement)**.

**55.** In connection with the purported sale of the vehicle to plaintiff and the financing of the vehicle without running the Consumer Plaintiff credit and without the Consumer purchasing the vehicle through the lender Chrysler Capital/ Aristocrat / Tuner completed certain documentation, some of which was shown to Plaintiff and some of which was not.

**56.** The Purchase Agreement as to Mr. Russaw **(Exhibit 10)** isn't dated by Russaw

only signed at the bottom of the form (No purchase date). The date is left blank, the purchase agreement states at the bottom quote “This contract is not binding upon the retailer until signed by an authorized representative. Buyer may cancel and receive full refund anytime before receipt of a copy of this contract signed by an authorized representative by giving written notice of cancellation to the retailer”.

**57.** The area on the purchase agreement **(Exhibit 10)** for the retailer or his authorized representative is left blank and is not signed by an authorized representative or the retailer and such contract has never been delivered to the Plaintiff, dated, signed, and or executed to date. The Plaintiff sent the Defendants Aristocrat Motors, Ten Investments, Soave Automotive written notice for a full refund and such request has been ignored by the Defendants.

**58.** In fact, a closer look at the Vehicle purchase agreement **(Exhibit 10)** displays that the total price of the vehicle is left blank and is nothing, the deposit line is left blank, the balance due for the vehicle is left blank, the service contract price is left blank, the sales and local tax is left blank. The balance due for the vehicle according to the vehicle purchase agreement is blank (nothing is stated that is owed); the total price of the vehicle is blank (nothing is owed). The vehicle purchase agreement doesn’t have the dealer’s number anywhere on the contract. According to the Vehicle purchase agreement no balance is due to the Defendants for the vehicle. Plaintiff $16,500 cashier’s check is not indicated on the line item (Deposit) **(Exhibit 9).** A purchase agreement was needed for the purchase of the vehicle Defendants have no purchase agreement for the sale of the vehicle, and no legal ownership for the sale of the vehicle and such was needed for financing/loan with the Defendants Chrysler Capital.

**59.** On December 4, 2018 around 6:37 pm Defendants Turner, Vaughan, Ten Motors, and Aristocrat Motors instructed the Plaintiff to sign the Retail Installment Contract. In which Defendants Turner, and Aristocrat Motors, Soave Automotive, Ten Investments only presented pages 1, 3, 4 and 5 of the retail installment documents to the Plaintiff for signature. Page 2 was never presented to the Plaintiff and such document was withheld by Defendants Turner, Vaughan, Ten Motors and Aristocrat and was never signed by the Plaintiff **(Exhibit 8; Retail Installment Contract)**. Page two of the Retail Installment Sale Contract is left black as to the Plaintiff under Co-Buyer Signs. Defendant Aristocrat did not sign their interest over to Chrysler Capital; page 5 of 5 on the retail installment contract located at the bottom of the page is left blank under: Seller assigns its interest in this contract to Chrysler Capital. The purported seller Aristocrat Motors did not assign the contract to Chrysler Capital and such contract was incomplete and never delivered to the Plaintiff. Defendants never delivered a fully executed Retail Installment Contract to Plaintiff. Plaintiff signature was needed on page two to obtain financing/ loan and the seller Aristocrat signature was needed at the bottom of page 5 of the installment contract for the assignment of the contract to Chrysler Capital.

**60.** The Buyers Guide for the vehicle (Vin number WP1AB2A26FLA59974) was an AS IS – No Warranty which is not permitted in Kansas. **(See Exhibit 11; Buyers Guide)** No buyers guide was displayed on the vehicle; no warranty information was displayed on the vehicle. The Buyers Guide boxes were not checked (left blank) and such document is incomplete and is the wrong buyers guide for the state of Kansas. The Buyers Guide was not clear; such document was left blank as to warranty or AS- IS – No Warranty. A Buyers guide Must Be Clear. There are two versions of the Buyer's Guide. One, which

offers an "As Is-No Dealer Warranty," which is not permitted in Kansas. Therefore, all used vehicles offered by Kansas dealers must be of the "Implied Warranties Only" variety. The Defendants never gave the Plaintiff a Buyers Guide on December 4, 2018 and never presented such a document to Plaintiff or Russaw on December 4, 2018; and such document was only in the emailed documents sent by Defendants Aristocrat Motors employee Jordan Kivett finance manger on August 4, 2021. Defendants never gave the Plaintiff the Implied Warranties Buyer Guide as required by law for the state of Kansas. The buyers guide doesn't indicate if there is a warranty for the vehicle or no warranty; its simply left blank. The warranty section of the Buyer's Guide must specify: whether the coverage is full or limited, the percentage of costs covered, which systems are covered and for how long, whether or not the manufacturer's warranty still applies such implied warranty was not offered to the Plaintiff by the dealer. No dealer number is on the buyers guide and such document has no indication of the date of execution of Russaw and such signature doesn't appear to be Russaw signature.

**61.** On December 4, 2018 the only documents that were presented to the Plaintiff and Russaw at or around 6:00- 6:37 pm were: the credit application **(Exhibit 12; Credit Application)** in which Defendant Turner filled out for Russaw and Plaintiff; the Credit Agreement form **(Exhibit 7);** and half of the Retailer Installment Contact **(Exhibit 8)** page 2 was never presented to the Plaintiff; page 1,3,4, and 5 were only presented in violation of the Truth in Lending ACT (TILA). The Retail Installment Contract documents that purports to obligate Plaintiff to pay the loan with a 24.90% interest rate, Plaintiff did not receive page two of the installment contract that was required to be given to Plaintiff by the Truth in Lending Act nor did the Plaintiff ever receive a copy of the

retail installment contract fully executed with the lender assigning the loan to the Defendants Chrysler Capital; such Retail Installment contract does not have the Plaintiff signature on page two as required in by TILA(**Exhibit 8).**

**62.** Plaintiff only witnessed Russaw sign the same amount of documents that she signed on December 4, 2018. Plaintiff would sign the presented documents and right following Russaw would sign vice versa. Russaw did not sign any other documents on December 4, 2018 other than the retailer's installment contract, the credit application form, and credit agreement form. Any other documents that bare Russaw signature was not executed on December 4, 2018 and was back-dated at a later date after December 4, 2018.

**63.** On December 5, 2018 the Defendants Ten Investments Inc; Aristocrat Motors, Turner, issued the Plaintiff temporary plates B971393 which the Defendants placed on the rear of the vehicle and such license plate expired on 02-03-2019. The temporary tag was a 60 day tag for vehicle WP1AB2A26FLA59974 **(See Exhibit 16; 60 Day Tag).**

**64.** The Porsche temporary 60 Day Tag expired on 02/03/2019 defendants never sent a title to the plaintiff within the 60 day period and such sale is void based on the Defendants Soave Automotive, Porsche North America, Ten Investments, Aristocrat and its agents and employees failure to provide a title within 60 days.

**65.** Defendants Chrysler Capital, Ten Investments, Soave Automotive, Porsche North America, Aristocrat Motors has never delivered title to the Plaintiff and Plaintiff has never been able to register the vehicle to date.

**66.** Defendants Aristocrat Motors, Ten Investments, Soave Automotive applied for a duplicate title on 02/20/2019 the duplicate title was printed on 02/20/2019 the title was

never sent to the Plaintiff; the sale was void and consider fraudulent on 02/04/2019 the date the 60 day tag expired.

**67.** Plaintiff tried to make a payment on the vehicle to Chrysler Capital on January 18, 2019 in accordance with the retail installment contract **(Exhibit 8)** the lender informed the Plaintiff that Chrysler Capital did not have the loan with the company Aristocrat Motors.

**68.** Plaintiff was unable to pay on the loan until mid February14, 2019. Plaintiff made the Defendants Ten Investments, Aristocrat Motors and Turner aware of this matter Defendant Turner told the Plaintiff that Aristocrat would cover any late penalties/ interest for the loan not been delivered to the Lender Defendants did not; and made knowingly false statements to the Plaintiff.

**69.** On or about February 2019 the Defendants Chrysler Capital paid Aristocrat and Ten Motors around 30,000 dollars or more for the loan and for the high interest rate obtained of 24.90% for the Porsche Cayenne Vin # WP1AB2A26FLA5997.

**70.** The Form: YOU ARE BUYING A USED VEHICLE (Used Vehicle Damage Disclose) document is incomplete **(See Exhibit 22; You are buying a used car and right to inspection disclosure)**; the name of the customer is ONLY Michael Russaw, the Plaintiff name doesn't appear on the document; the Seller name is not on the document, the document is not signed or dated by Aristocrat Motors; the dealers number #135587 doesn't appear on the document; the Plaintiff name or signature doesn't appear, no one from the dealership signed or dated the document, Michael Russaw signature is the only signature on the document and under printed name the name Mike appears not the Defendants legal name Michael; and Russaw signature appears at the bottom without a

date. The Vehicle Damage Disclosure was never presented to the Plaintiff or Russaw on December 4, 2018. The document was not signed on December 4, 2018.

**71.** The Defendants Ten Investment, Aristocrat Motors, Tuner, or Jonathan; never gave the Plaintiff a right to inspect the vehicle; the document states that the purchaser understands the used vehicle above may have suffered previous collision/body damage, and in the dealers opinion, may have had thousand and thousands of dollars in collision/body damage and as a result MAY NOT PERFORM OR HAVE THE APPERANCE OF A VEHILCE THAT HAS NOT SUSTAINED COLLISION/ BODY DAMAGE the Defendants Aristocrat Motors or Ten Investments never made the Plaintiff aware/never disclosed material facts about the vehicle nor did the Defendants disclose to the Plaintiff the vehicle may have suffered previous collision/body damage. The Plaintiff was never asked to sign the document **(Exhibit 22).** Defendants Aristocrat Motors, Turner, Jonathan, Ten Investments failed to disclose this information to the Plaintiff. Under the RIGHT TO INSPECT; the Dealer failed to allow the Plaintiff to have the vehicle inspected by a repairman of Plaintiff choice nor was the Plaintiff informed of her right to do so; the Defendants Aristocrat Motors, Ten Investments, Soave Automotive Turner, Jonathan, Ten Investments never advised the Plaintiff of her right of inspection before completing the purported purchase; the dealership, (Defendants Turner, Soave Automotive, Ten Investments, Aristocrat Motors did not allow the Plaintiff to waive or not waive her rights for an inspector of the vehicle; for the right of inspection was never offered to the Plaintiff.

**72.** Under the undersign for the Vehicle Ownership Transfer Agreement Russaw and Aristocrat state the: The Purchaser hereby acknowledges purchasing from seller the

above describe vehicle and further agrees this sale is consummated and completed; however, the Plaintiff never agreed that the sale was consummated or complete the plaintiff name appears on the document (typed in only by the dealership) but no signature of the Plaintiff appears on the vehicle ownership transfer agreement **(See Exhibit 25; Vehicle ownership transfer agreement)**.

**73.** Aristocrat did not own the car to sell to the Plaintiff because of the incomplete purchase of the vehicle on October 24, 2017, the fraud on the transfer title and the forgery of Ronald G. Meyers/Donald G. Meyers name on behalf of his business Kraft Tool invalidates the sale, and the fraudulent Secure Power of Attorney for a factitious person by the name of Donald G. Meyer transferring the title over to Aristocrat as owner of Kraft Tool when in fact there is no Donald G. Meyer who is an owner of Kraft Tool and such was a forgery of Ronald G. Meyers name.; the actions of the Defendant Aristocrat doesn't consummate a sell of the vehicle on October 24, 2017 to Aristocrat from Kraft Tool such only consummated fraud, misrepresentation of facts, consumer fraud, and deceit. Defendant Aristocrat cannot enter into a vehicle ownership transfer agreement for a vehicle the Defendants Aristocrat Motors do not own nor has such transfer been properly assigned.

**74.** The Defendants Aristocrat Motors did not disclose the Odometer/ mileage to the Plaintiff **(Exhibit 26; Odometer Disclosure)**. The Plaintiff never signed the Odometer Disclosure statement and such was never presented to the Plaintiff for signature on December 4, 2018 or after. The Plaintiff name appears typed on the document. The Documents states Transferee's Name handprint – no hand print name appears on the document only a typed name of Michael A. Russaw and Chapter K Jackson neither

Russaw or the Plaintiff hand printed name appears on the document. The transferee's signature of only Russaw appears the Plaintiff signature is not anywhere on the document. The document also gives an indication for the dealership to hand print the Transferors name Aristocrat name is only typed in on the document.

**75.** The odometer disclosure (Exhibit 26) was never disclosed to the Plaintiff and the miles on the vehicle was not 57,272 miles. Russaw did not sign the Odometer Disclosure statement on December 4, 2018 nor was Russaw instructed to check the miles by the Defendants Turner, Jonathan, Aristocrat, Ten Investments, Porsche North America and or Soave Automotive.

**76.** The Installment contract page 5 of 5 states **(Exhibit 8; Page 5 of the Installment contract)** the seller was to sign on the line where it indicates seller the Defendants Aristocrat Motors did not sign where it indicates "sign" the defendant Aristocrat simply typed in there name Aristocrat Motors on the line without a signature and the line that indicates the name of who the signatures name is signed by the Defendant Turner as Finance Manger were her name is supposed to be printed.

**77.** The Plaintiff did not give her consent to receive autodialed, pre-recorded and artificial voice telemarking and sales calls and text messages from or on behalf of the dealer or any financing (Chrysler Capital) source to which dealer assigns the contract the

**78.** The lender Defendants Chrysler Capital was enforcing the finance contract at 24.9% interest rate without the installment contract ever being assigned to them **(Exhibit 8; Installment Contract Page 5 of 5)**.

**79.** The Defendants Aristocrat Motors, Ten Investment, Chrysler Capital has called the Plaintiff and recorded the Plaintiff voice without the Plaintiff ever opting into receive

calls on a pre-recorded line **(See Exhibit 12; Application).** The signature for the Plaintiff to opt in for the election is left blank, the box in which the Plaintiff is to check a box to opt in or no opt is are both left blank; the application states on the document that incomplete application will not be processed. The application was incomplete and such could not be processed without the Plaintiff opting in or opting out for consent. The Plaintiff neither opted in or opted out.

**80.** The Application (Exhibit 12) is incomplete the Plaintiff previous Full address is left blank, the Plaintiff pervious employer is left blank, previous occupation is left blank, length of employment is left blank, previous work phone number is left blank, Plaintiff drivers license number is left blank, the drivers license state is left blank, the time at the previous address is left blank the application was incomplete and as indicated on the credit application an incomplete application will not be processed.

**81.** Dealer/Purchase Declaration of Exemption for Certain Vehicle and Aircraft sold to nonresidents for Removal from Kansas was never presented to the Plaintiff or nor did the Defendants Aristocrat Motors, Turner, Soave Automotive, Ten Investment request the Plaintiff to sign a Dealer/ Purchaser Declaration document **(Exhibit 24; Dealer Purchaser Declaration for Non-residents for removal from Kansas)** for the Plaintiff lived in Missouri. The name of the purchaser is only Michael Russaw on the line indication for line 1 and line 5 under section B and C. The sales tax registration number is left blank under Section B line 3., the dealer number is left blank under section B line 4; under section C line 2 the purchaser Michael Russaw driver's license number is not indicated on line 2 or state of insurance is not indicated on section C line 2 as required by law KSA 53-601.

**82.** The Plaintiff name doesn't appear as the Purchaser of the vehicle the Plaintiff never signed a dealer/purchase declaration of exemption for the vehicle Porsche Cayenne 2015 as required by law as defined in KSA 8-126 or KSA 3-201. The Plaintiff was a nonresident of Kansas on December 4, 2018. Section C Purchaser Information and Declaration (KSA 53-601) states Russaw will be based and will registered in the State of Kansas (KS) although the Declaration form is for non-residence of Kansas for removal from Kansas. Russaw signed the declaration stating he is a nonresident of Kansas, however Russaw states that he is going to be based in Kansas and registered in Kansas this statement was knowingly false and a misrepresentation of fact. **(Exhibit 24)**

**83.** The Defendants never required the Plaintiff to pay sales tax on the vehicle **(Exhibit 24)**. No taxes were held by the dealership for the IRS from the state of Kansas for the vehicle although Russaw stated he is going to register the vehicle and be based in Kansas under the indication (for the State of:) under section C Purchaser Information and Declaration the area where Russaw was to register the vehicle was in the state of Kansas the purchaser declaration document has indication for KS (Kansas) not MO although Russaw was an Resident of Missouri and not Kansas on the date of execution December 4, 2018. The Plaintiff did not witness the Russaw sign the document for the dealer/purchaser declaration and such document was not signed on December 4, 2018 by Russaw such document was signed on a later date after the date of December 4, 2018 **(Exhibit 24)** and such document was backdated.

**84.** The Dealer Declaration (Exhibit 24) states at the bottom that I declare under the penalty of perjury under the laws of the state of Kansas that the foregoing is true and correct Russaw then signed and the date was not hand printed only typed in and the

signature of the purchaser or its authorized representative; Russaw signature appears. At no point has the Plaintiff allowed or has given permission for Russaw to be her authorized representative. On Exhibit 24, Kansas Exemption Form, Russaw stated he will register the vehicle and be based in Kansas therefor the Dealer/Purchaser Declaration of Exemption was not required and Russaw should have paid sales tax on the vehicle and such exemption was not needed for Russaw signature for Russaw declared on the declaration that he was in fact based in Kansas and will register the vehicle in Kansas such document was filled out by the dealership/Aristocrat Motors, Ten Investments, Soave Automotive.

**85.** On August 4, 20121 the Plaintiff sent the Defendants Aristocrat Motors, Ten Motors, and Chrysler Capital a notice of Rescission based on Fraud email to Defendant Robert Hellweg. **(Exhibit 20; Rescission Email)** demanding all of the Plaintiff money back to date. Robert Hellweg called the Plaintiff and stated he is in receipt of her email. Such email has been ignored to date and no response letter to the Plaintiff email has been sent to the Plaintiff regarding the discovery of fraud on the title.

**86.** On August 4, 2021 the Plaintiff placed the Defendant Chrysler Capital on notice of fraud and called the loan company.

**87.** On August 5, 2021 at 10:04 am the Defendant Chrysler Capital / Santanders Consumer USA contacted the Plaintiff by telephone and Plaintiff videotaped herself on the call on speakerphone as did the Loan company Chrysler Capital/ Santanders Consumer USA although the Plaintiff never opted in to be recorded. Plaintiff spoke to Chrysler Capital employee by the name of Denise with the Chrysler Capital executive office Denise employee identification number is 015979. The Plaintiff informed the

defendant Chrysler Capital of the fraud on the account how there was never a credit report ran for her in order to obtain the loan, how there was no vehicle to purchase, how the Plaintiff did not have a purchase agreement for the vehicle nor was page two of the installment contract every presented or signed by the Plaintiff. The Defendant Chrysler Capital, Santanders Consumer USA employee Denise confirmed after reviewing the documents while on the phone with the Plaintiff that the Plaintiff signature did not in fact appear on page two of the installment contract. The Plaintiff informed the defendant Chrysler Capital/ Santanders Consumer USA of the fraud such Defendant has yet to respond in writing about the findings of such investigation to date.

**88.** On August 6, 2021 the Plaintiff filed a complaint with the Consumer Financial Protection Bureau Complaint Number 210806-7041704 against the Defendants Chrysler Capital, Santanders Consumer USA.

**89.** On August 19th, 2021 the Plaintiff was sent a response to her Consumer Financial complaint the Defendant Chrysler Capital such response was sent to the Plaintiff email address from the consumer financial protection Bureau that the Plaintiff complaint had a response. Plaintiff checked the complaint response and located a forgery/ forged signature **(Exhibit 29; #2 Forged Installment Contract Page 2)** purporting to be the Plaintiff signature on the retail installment contract page 2 although the page two of the retail installment contact sent by the Defendants Ten Investments, Soave Automotive, Aristocrat Motors employee Jordan Kivett **(Exhibit 21; emailed with dealer documents attached from employee of Aristocrat)** is not signed by the Plaintiff page two was blank on retail installment contact loan documents **(Exhibit 8)**. Exhibit 29 is the Forged Signature of the Plaintiff obligating the plaintiff to the loan by fraud, forgery, and is not

the Plaintiff signature. The Plaintiff has never signed page two nor has the Plaintiff granted or given anyone permission to sign her signature to the retail installment contract nor has the Plaintiff granted the dealership or its employee or sister company a Secure Power of Attorney. The Defendant Chrysler Capital sent the Plaintiff by email a forgery of her signature (August 2021).

**90.** Plaintiff confirmed over the phone with the Defendant Chrysler Capital/ Santanders Consumer USA and by email with Defendants Aristocrat Motors and Ten Motors that page 5 assignment of interest was not executed by the Defendants Aristocrat Motors of the installment contact **(Exhibit 8; Retail Installment Contac Page 5 of 5)** was not executed by the Defendants Aristocrat Motors assigning over the interest of the loan. The Defendants Aristocrat, Ten Investments, Soave Automotive, and its employees / controller Angela signed and assigned the loan over to Chrysler Capital/ Santanders Consumer USA in August 2021 after the Plaintiff place the Defendants Aristocrat Motors, Ten Motors, and Chrysler Capital on notice of the incomplete loan documentation and fraud.

**91.** There are now three Retail Installment contracts, one **(Exhibit 8; 1st Retail Installment contract)** that is not executed on page 2 by the Plaintiff, and the contract is not assigned or signed by the controller Defendants Angela Lewitzke on page 5 of 5; Exhibit 29 is the 2nd Retail Installment Contract that is a forgery of the Plaintiff name on page 2 Exhibit 29; the 2nd Retailer Installment Contact is backdated and such Defendants assigned the interest over to Chrysler Capital only after the Plaintiff made the Defendants Aristocrat Motors, Ten Motors employees, Angela Lewitzke, Hellweg, Chrysler Capital aware of the discrepancies on August 4, 2021.

**92.** On September 7, 2021 at 9:20 am the Defendant Chrysler Capital employee with an email address of rburns@drivefinancial.com sent the Plaintiff an email with the Retail Installment **(Exhibit 30 Conflicting 3rd Fraudulent Retail Installment Contract)** contract within the contract the Defendant Chrysler Capital/Santander Consumers USA created with the Defendants Aristocrat Motors and Ten Investments, its agents and employees another conflicting retail installment contract this time page two of the retail installment contract was blank without a forgery of the Plaintiff name however the assignment of the loan was backdated and signed by the Defendant Aristocrat controller Defendants Angela Lewitzke.

**93.** On August 11, 2021 the Plaintiff sent the Defendants Aristocrat Motors, Ten Motors, and Kaye Jones an email requesting disclosure for the vehicle. The Plaintiff requested information about the name of a Donald G. Meyer and the Kansas Secure Power of Attorney document and title information. The Plaintiff request disclosure and information on a man by the name of Donald G. Meyer who is associated with Kraft Tool. The Plaintiff also sent such inquiry to the Defendants Chrysler Capital at eorequest@santanderconsumerusa.com and to date no response has been given and no response email was sent to the Plaintiff. **(Exhibit 31, page 6; Information Needed Email to Kayce Jones).**

**94.** On August 11, 2021 at 1:01 pm the Plaintiff sent the Defendants Aristocrat Motors, Ten Motors, Stephanie Turner, Marion Battaglia and Jordan Kivett a Request by email a request for Documents, the Defendants ignored the Plaintiff requests to date; the Plaintiff stated in an email **(Exhibit 32; Email Request for Documents)** "Please provide me with any and all information/documents that you have that validates and supports the

24.90 percent interest rate for the loan for the 2015 Porsche Vin Number WP1AB2A26FLA59974. Please provide me with any and all documents but not limited to my FICO score obtained by aristocrat motors to determine the loan interest rate, and any credit reports of mines (Chapter Jackson). Please disclose what my credit score was at the time of the purported transaction." Such request was ignored and such was not disclosed to the Plaintiff.

**95.** On August 13, 2021 at 12:04 pm the Plaintiff sent the Defendants Aristocrat Motors, Chrysler Capital, Hellweg, another email entitled Notice of Fraud –Placing on Notice. The Defendants did not acknowledge the Plaintiff email or request reply to the issues the Defendant Hellweg only sent the Plaintiff his counsel Kevin Case. **(Exhibit 33; Hellweg Response Email)**

**96.** On August 9, 2021 the Plaintiff sent the Defendants Aristocrat, Hellweg, Ten Investment, and email **(Exhibit 34; Email Update on Title)** requesting an update on title the Defendant Hellweg the Plaintiff email stated: "Dear Mr. Hellweg, Do you have any updates on the title issue for VIN WP1AB2A26FLA59974? Also, what date did you straighten out the issues? What resolutions do you have at this time if any?". The Defendant Hellweg sent the Plaintiff an email **(Exhibit 34; Hellweg Email)** stating that he has gathered the information in and will most likely meet tomorrow or Wednesday to discuss the findings. The Defendant Hellweg never disclosed the findings and never gave the Plaintiff an update on the title for the Porsche cayenne 2015 although the Defendant Hellweg knew it was fraud on the account of the Defendants. The Defendant Hellweg, Aristocrat Motors had a duty to disclose the findings to the Plaintiff.

**97.** On August 13, 2021 the Plaintiff sent the Defendant Aristocrat Motors attorney an

email **(Exhibit 35; Email to Kevin Case)** the Defendant Aristocrat Motors requesting all documents and a full disclosure about the vehicle. The Defendants Attorney Kevin Case ignored all Plaintiff request and emails to date and has never sent any documents in which the Plaintiff requested to date.

**98.** On August 13, 2021, the Defendants Attorney Kevin Case sent the Plaintiff an email telling the Plaintiff that she is not allowed to contact the Defendants Aristocrat Motors and to direct all communication to him; Kevin Case stated in an email quote "You are invited to communicate with me regarding this transaction. However, you are no longer welcome to communicate with my client or its representatives. I have found that once matters reach me it is no longer productive to have dialogue with my client. So please respect my request that you direct all further communications regarding this matter to me in lieu of direct contact with my client. To that end, if you have an attorney working on your behalf, I would be pleased to speak directly to her/him on this matter." The Plaintiff never heard a single world again from the Defendant Aristocrat Motors attorney and never received any of the requested documents that she had in fact requested from the Defendants Aristocrat attorney to date. **(Exhibit 36; Kevin Case Email to Plaintiff)**

**99.** On December 12, 2021 the Plaintiff sent the Defendant Aristocrat and its attorney another request for documents and the Defendants Aristocrat or its Attorney have refused to send any documentation over to the Plaintiff as requested or any disclosures or the Plaintiff money back. Email Request Dated December 12, 2021.

**100.** Subsequently, the Plaintiff made all payments timely from February 2019, thru July 2021 **(See Exhibit 5)** when she found out the depth and details of the fraud by the

Defendants named herein above. Plaintiff made the payments as she agreed which includes 11 payments in 2019 totaling $8,923.64; 12 payments in 2020 totaling $9,734.88; and 7 payments in 2021 totaling $5,678.68. All payments in all totaling $40,837.20 for an automobile the Plaintiff could not legally drive or own at anytime since the day the automobile left the Defendant Aristocrat Motors lot.

**101.** Defendants Chrysler Capital/ Santander Consumer informed the Plaintiff when she made her claims of fraud and identity theft as set forth herein above, that no collection efforts or derogatory credit reporting would take place during the investigations into these facts. **(See Exhibit 37; Letter to Plaintiff from Defendant Chrysler Capital)** Despite these Defendants assertions to protect the Plaintiff in the interim, the Defendant reported Derogatory late payments to all 3 credit bureaus against the Plaintiff sending the Plaintiff' good credit and good name spiraling down 65 points to date. **(See Exhibit 38; Plaintiff Credit Reporting Derogatory Marks by Defendant Chrysler Capital)** Then began harassing the Plaintiff with collection letters and phone calls noting past due balances and placing the vehicle on their list for repossession without ever having qualified the Plaintiff for the loan for a vehicle which still states the owner as Kraft Tool Co. to this date **(See Exhibits 39; collection letter) and (See Exhibit 40; collection letter).**

**102.** Chrysler Capital / Santander intentionally published the above-described derogatory credit reports knowing or with reason to expect that the reports would be relied upon by prospective lenders for evaluation of the plaintiff's credit standing and that the negative credit reports would foreseeably result in the denial of credit to the plaintiff and the refusal of merchants and others to accept the plaintiff's personal checks, obtain a

loan or rent a rental car; the publication of the reports was also by way of retaliation by Chrysler Capital / Santander Consumer against the plaintiff and with the intention of making it more difficult and costly or impossible for the plaintiff to proceed with her claims against Chrysler Capital.

**103.** Chrysler Capital published the exclusively derogatory credit reports without justification, in that the plaintiff did not owe the claimed indebtedness to Chrysler Capital and was exercising her rights under the UCC, and in that the plaintiff had advised Chrysler Capital accordingly, warning Chrysler Capital against publishing any derogatory credit report. Plaintiff made it clear that she had unfolded the fraud and that she had discovered that she never purchased the vehicle although she put down 16,500 dollars and that the transaction was void and fraudulent and that the dealership never owed the car and such title was not transferred from the Kraft Tool properly and that it was forgeries on the title and Plaintiff never signed page two of the installment contract and such contract was never assigned by the Aristocrat, and that her credit was never ran for the 24.90% interest; and that a loan can not be given without a purchase and without qualifying documents for a loan.

**104.** The conduct of Chrysler Capital as alleged in publishing false and exclusively derogatory credit reports was pursuant to a pattern and practice continuing through the present in which Chrysler Capital published such improper credit reports and engaged in aggressive and improper collection efforts against the Plaintiff.

**105.** In making such representations, Defendant acted with knowledge that the representations were false, with reckless disregard for whether they were true or false, and with intent to defraud. Defendants acted in concert made all representations

concerning the Porsche as aforesaid with the intention that the plaintiff would rely on such representations in assuming she had in fact purchased the car but was just given defective fraudulent paperwork and a high interest rate for a car she did not purchase and scammed by the Defendants Plaintiff suffered injury Plaintiff has never been able to legally drive the vehicle, Plaintiff money was stolen by Defendants by deceit, misrepresentations of facts the Defendants never shared with the Plaintiff that they had in fact roll back the miles by misstating the mileage on the vehicle and that she would not obtain the title; the Defendants did not tell the Plaintiff that they would be taking her down payment and given no purchase agreement with a 24.90% loan on a vehicle the Defendants did not run her credit for; the Defendants failed to tell the Plaintiff that it was multiple forgeries on the vehicle and that the previous owner was not in fact Donald G. Meyer of Kraft Tool that such was an alter ego of the Defendants Plaintiff has suffered lost of income and that the vehicle was not there vehicle to sale to the Plaintiff. The Plaintiff has now lost the ability to finance a vehicle, has lost over 75,000 spent in the Defendants scheme, Plaintiff has lost job opportunities for she has been restricted on her transportation, the Plaintiff can not finance a home because her credit has been destroyed by the Defendants for a car loan she is not obligated to; the spent hours on research in order to detail the Defendants scheme, Plaintiff spent money on insurance for a vehicle the Plaintiff can never drive, the Plaintiff is out a vehicle ownership, the Plaintiff spent money on tows towing the vehicle because it is prohibited from being on city streets without registration, Plaintiff has paid car garages to store the vehicle she never owed, Plaintiff spent money on a battery for the vehicle because the vehicle was parked, oil changes, and maintenance; Plaintiff spent money on airline tickets when she could have

used the vehicle to drive, rental cars, and her business has suffered because she is unable to negate.

**106.** The plaintiff suffered actual damages proximately caused by the conduct of defendant Chrysler Capital as alleged due to the denial of credit and the refusal of rental cars, loans, hardships and costs incurred by the plaintiff to cover for the loss of credit and the ability to obtain credit, economic and personal embarrassment and humiliation, and emotional and mental distress and suffering, all in excess of $250,000.

**107.** Defendants, in making such representations, acted with knowledge that the representations were false, with reckless disregard for whether they were true or false, and with intent to defraud the Plaintiff. Defendants made all representations concerning the Porsche as aforesaid with the intention that the plaintiff would rely on such representations.

**108.** Chrysler Capital, in participating in making such representations, acted with knowledge that the representations were false, with reckless disregard for whether they were true or false, and with intent to defraud. Chrysler Capital participated in making all representations concerning the Porsche as aforesaid with the intention that the plaintiff would rely on such representations in the purported purchase of the Porsche, and would rely on such representations in continuing to make payments to Chrysler Capital although the Plaintiff did not purchase a car nor was the Plaintiff credit ran for the predatory lending scheme.

**109.** The plaintiff was never presented with a odometer disclosure and did not know that the odometer reading on the Porsche was not actual miles and that a false person by the name of Donald G. Meyers had certified the miles and such title was immersed with

forgeries, or that the other mileage and condition representations made to him were false.

**110.** Each of the defendants possessed knowledge superior to the plaintiff's in all matters concerning which any misrepresentations were made.

**111.** Aristocrat, Ten Motors Porsche Dealership, and their employees and agents were known to be of deceptive and fraudulent character in their dealings, and

this was known at all relevant times to Chrysler Capital.

**112.** The plaintiff suffered damages as a proximate result of the false representations and conduct of the defendants as alleged, including but not limited to the lessened value of the vehicle, not receiving title, parking to storage the vehicle, rental cars because the Plaintiff could not drive the vehicle, credit dropped and unable to buy another vehicle or obtain a loan on a home or obtain a credit card or rental car because Plaintiff credit score was effected when lender reported the Plaintiff to credit agencies, the cost of repair parts and expenditure of repair labor on the vehicle, taxes, insurance, the value of substantial efforts to cover, investigate and cope with problems relating to the Porsche, lost use of the car, and other miscellaneous incidental and consequential damages, all in the approximate amount of in excess of at least $150,000.

**113.** All of the actions and omissions of defendants as alleged were willful, wanton, and malicious, done with reckless disregard for the plaintiff's rights, were outrageous because of evil motive or reckless indifference to the plaintiff's rights and the rights of others, constituted fraud, and were done without just cause or excuse, so that the plaintiff is entitled to separate awards of punitive damages against each of the defendants.

**Count I: Violations of Federal Odometer Law (As Kayce Jones, Aristocrat Motors, Chrysler Capital, Santander Consumer USA, Ten Investments, Porsche North**

**America, Soave Automotive, and Stephanie Turner)**

The plaintiff incorporates each allegation in paragraphs 1-113

**1.** The conduct of defendants in making and participating in making false mileage statements, all with intent to defraud, constituted violations of 49 U.S.C. § 32705 and the regulations for the enforcement thereof at 49 C.F.R. §§ 580.1 et seq.

**2.** The conduct of defendants as alleged violated 49 U.S.C. § 32703(4) and the regulations for the enforcement thereof at 49 C.F.R. §§ 580.1 et seq., in that the defendants conspired to violate 49 U.S.C. § 32705, all of which actions were done with intent to defraud the Plaintiff/consumers.

**3.** As a proximate result of the breaches of the federal odometer statutes the plaintiff suffered actual damages as alleged in excess of $150,000.

**4.** Pursuant to Title 49 U.S.C. § 32710, the plaintiff is entitled to three times her actual damages or $150,000 whichever is greater, plus her reasonable attorney fees and the costs of this action, against the defendants.

WHEREFORE Plaintiff / Consumer demands separate judgments against defendants Kayce Jones, Aristocrat Motors, Chrysler Capital, Santander Consumer USA, Ten Investments, Porsche North America, Soave Automotive, and Stephanie Turner each for in excess of $450,000 in statutory damages, plus joint and several judgments against all Defendants for her reasonable attorney fees, for the costs of this action, and for such other relief as the Court deems just and proper.

**Count II: Violation of Kansas Odometer Law (Chrysler Capital and Santander Consumer USA)**

The plaintiff incorporates each of the allegations in paragraphs 1-113 herein above and

incorporates by reference each allegation in Count I.

**1.** In violation of K.S.A. 50-651, neither Porsche Dealership Aristocrat Motors, Tuner, Ten Motors, provided a written disclosure to the plaintiff at and without the Plaintiff ever entering into a purchase agreement; as to whether Aristocrat Motors, had performed a title search on the vehicle.

**2.** The plaintiff is entitled to a civil penalty under K.S.A. 50-651 in an amount of up to $2000.

WHEREFORE, Plaintiff the Consumer demands judgment against Chrysler Capital, Santander Consumer USA, servant, and employees herein, under K.S.A. 50-651 for a civil penalty in an amount of $2000, said penalty; being in addition to all other recovery under this complaint.

**Count III: Violations of the Kansas Consumer Protection Act (Defendants-Chrysler Capital, and Santander Consumer USA)**

The plaintiff incorporates each of the allegations in paragraphs 1-113 herein above and incorporates by reference each allegation in her Counts I and II.

**1.** At the time of purchase, Chrysler Capital, Santander Consumer USA, did:

a. Make false and misleading oral and written statements to the plaintiff regarding the mileage;

b. Make false oral statements regarding the condition of the vehicle;

c. Make false oral statements regarding the ownership; and the past owner of the vehicle;

d. Made false statements oral or written as to the purchase, and title of the vehicle as to Donald G. Meyer when the defendants knew such was false;

e. made false oral and written statements as to the title being properly assigned when such title was not;

f. Made false statement as to the interest rate and Plaintiff credit report findings when the Plaintiff credit was never in fact ran for a loan;

g. Made false statement as to the installment contract and interest rate;

h. Made false oral statements to the plaintiff as to warranties/ buyers guide. The above misrepresentations were part of a pattern of deceptive acts and practices engaged in by the all defendants.

**2.** ALL defendants here in this court participated in ALL the acts described herein above.

**3.** ALL defendants within this court willfully failed to state a material fact, or willfully concealed, suppressed or omitted a material fact as to the Plaintiff credit, in that Chrysler Capital/ Santander Consumer USA knew they did not run the Plaintiff credit and that Plaintiff never qualified for the loan and that no qualifying documents of the Plaintiff employment or income documentation was requested from the Plaintiff that the mileage was not correct miles and was only the Defendants Aristocrat Motors, Ten Investments, Kayce Jones, Soave Automotive alter ego; such miles were greater than it had been represented to be to the plaintiff, and willfully rolled back and defendants failed to inform the plaintiff.

**4.** Each of the above enumerated acts constitutes a separate violation of the Kansas Consumer Protection Act, K.S.A. 50-623, et seq, and the Kansas Vehicle Dealers and Licensing Act, K.S.A. 8-2401, et seq.

WHEREFORE, the plaintiff demands judgment against **Chrysler Capital, Santander**

**Consumer USA,)** for violations of the Kansas Consumer Protection Act and the Kansas Vehicle Dealers and Licensing Act; that the plaintiff be awarded separate civil penalties in the maximum amount permitted by law for each violation of the Acts, or her actual damages, whichever is greater; and that she be awarded reasonable attorney fees, the costs of this action, and such other relief the court deems just and proper.

**Count IV: Fraud in Mileage Representations (As to ALL Defendants)**

The plaintiff incorporates each of the allegations in paragraphs 1-113 herein above and incorporates by reference each allegation in her Count I through III.

**1.** The actions and omissions of the defendants as alleged concerning the mileage representations as alleged constituted fraud.

**2.** The plaintiff suffered actual damages proximately caused by this fraudulent conduct of the defendants as alleged in excess of $150,000.

**3.** All of the actions and omissions of each of the defendants as alleged were willful, wanton, and malicious, done with reckless disregard for the plaintiff's rights and the rights of other purchasers, were outrageous because of evil motive or reckless indifference to the plaintiff's rights and the rights of others, and were done without just cause or excuse, so that the plaintiff is entitled to separate awards of punitive damages against each of the defendants.

WHEREFORE plaintiff/ Consumer demands joint and several judgments against all defendants for in excess of $10,000 in actual damages plus interest from the start date of the fraud of the vehicle and such violations continuing day to day to date and the costs of this action, and for separate judgments for punitive damages against Aristocrat Motor, for

$250,000, against Ten Motors for $250,000, Porsche Dealership for $250,000, Tuner for $250,000, and Kayce Jones for $250,000 (etc. all Defendants named herein) and against lender Chrysler Capita and Santander Consumer USA for $1,500,000 and for a judgment for punitive damages for $2,000,000, and adjudging and decreeing that the ALL Defendants has engaged in the acts or practices complained of herein, and that such constitutes unfair acts or practices, Court issues a permanent injunction prohibiting ALL Defendants its agents, employees and servants herein, and all others in active concert or participation with any of them, from engaging in unfair deceptive practices, and ordering Defendants Chrysler Capital and its agents to pay restitution of 2,000,000 to the Plaintiff for the unlawful interest rate deceptive acts against the Plaintiff without running the Plaintiff credit and other equitable relief for the purpose of remediation in the amount the court deems just and proper and for such other relief as this Court deems just and proper.

**Count V: Fraud in Representations Regarding Condition of Vehicle (Against ALL Defendants)**

The plaintiff incorporates each of the allegations in paragraphs 1-113 herein above and incorporates by reference each allegation in her Count I through IV.

**1.** The actions and omissions of the defendants as alleged concerning the representations regarding the condition of the vehicle constituted fraud.

**2.** The plaintiff suffered actual damages proximately caused by this fraudulent conduct of the defendants as alleged in excess of $150,000.

**3.** All of the actions and omissions of each of the defendants as alleged were willful, wanton, and malicious, done with reckless disregard for the plaintiff's rights and the rights of other purchasers, were outrageous because of evil motive or reckless indifference to the plaintiff's rights and the rights of others, and were done without just

cause or excuse, so that the plaintiff is entitled to separate awards of punitive damages against each of the defendants.

WHEREFORE plaintiff demands joint and several judgments against each defendant in excess of $150,000 in actual damages plus interest from the date of the purported sale and start date of the purported loan of the vehicle and the costs of this action, and for separate judgments for punitive damages against all defendants of 250,000 each and; for such other relief as this Court deems just and proper.

**Count VI: Breaches of Express and Implied Warranties (ALL Defendants)**

The plaintiff incorporates each of the allegations in paragraphs 1-113 herein above and incorporates by reference each allegation in her Count I through V.

**1.** The representations of mileage constituted express warranties under K.S.A. 84-2-313, and implied warranties under K.S.A. 84-2-314(2)(a) in that the mileage was part of the "contract description" of the vehicle.

**2.** The vehicle was also not merchantable, in breach of the implied warranty of merchantability at K.S.A. 84-2-314(2)(c), in that it was not fit for the ordinary purposes for which such goods are sold.

**3.** The plaintiff suffered actual damages proximately caused by these breaches of warranties as alleged of in excess of $150,000.

**4.** Pursuant to these statutes and K.S.A. 84-2-714 and 2- 715, the plaintiff is entitled to recover her actual damages, including incidental and consequential damages.

**5.** Pursuant to Title 15 U.S.C. 2310(d) (the "Magnuson-Moss Act"), the plaintiff is entitled to recover her actual damages plus attorney fees.

WHEREFORE plaintiff the Consumer demands joint and several judgments against ALL

defendants for in excess of $150,000 in actual damages, plus reasonable attorney fees, plus interest of 24.90% from the date of the sale of the vehicle and the costs of this action, for such other relief as this Court deems just and proper.

**Count VII: FTC Holder Rule (Against Chrysler Capital and its Agents, Servants, and Employee / Sister Company herein Santander Consumer USA; Aristocrat Motors, Soave Automotive, Tuner, Angela, Ten Investments, and Porsche North America)**

The plaintiff incorporates each of the allegations in paragraphs 1-113 herein above and incorporates by reference each allegation in her Count I through VI.

**1.** Pursuant to the Federal Trade Commission's "Holder Rule," Chrysler Capital and Santander Consumer USA is liable to the plaintiff for all of her claims against Aristocrat Motors, Soave Automotive, Tuner, Angela, Ten Investments, and Porsche North America (All Defendants).

WHEREFORE plaintiff/ Consumer demands joint and several judgments against defendants Aristocrat Motors, Tuner, Porsche North America, Ten Investments, Chrysler Capital, Soave Automotive, Angela, Santander Consumer for in excess of $150,000 in actual damages, plus reasonable attorney fees, plus interest from the date of the sale of 24.90% the vehicle and the costs of this action, and for such other relief as this Court deems just and proper.

**Count VIII: Tort Regarding Chrysler Capital Derogatory Credit Reports on Plaintiff. (Against Chrysler Capital and Santander Consumer USA)**

The plaintiff incorporates each of the allegations in paragraphs 1-113 herein above and incorporates by reference each allegation in her Count I through VII.

**1.** The conduct of Chrysler Capital, Santander Consumer USA and its agents,

employees, servants, all active in concert as alleged with respect to the retaliatory false and improper credit reports made by Chrysler Capital and Santander is actionable in tort under the theories stated in *Franklin v. Mercantile Trust Co., N.A.*, 650 S.W.2d 644, 647/-/649 (Mo. App. 1983), and in addition or in the alternative is actionable in tort under similar theories under Kansas law.

**2.** The Fair Credit Reporting Act (FCRA) immunizes entities that furnish information to credit reporting agencies from liability for certain torts "in the nature of defamation, invasion of privacy, or negligence." 15 U.S.C. § 1681h(e). This immunity only applies, however, if the consumer discovered the adverse information through a disclosure required by the FCRA. In addition, the immunity is inapplicable if the furnisher acted with malice or willful intent to injure the consumer. These issues are discussed in detail in National Consumer Law Center, Fair Credit Reporting § 10.4 (8th ed. 2013). The Fair Credit Reporting Act (FCRA) preempts many state laws that impose duties on entities that furnish credit information to credit reporting agencies. 15 U.S.C. § 1681t(b)(1). Case law does not provide a definitive answer to the question whether this provision preempts a claim under a general UDAP statute for acts that could constitute violations of the furnisher's duties under the FCRA. *See* National Consumer Law Center, Fair Credit Reporting § 10.7.3.2 (8th ed. 2013).

WHEREFORE plaintiff /Consumer demands judgment against defendants Chrysler Capital and Santander Consumer USA but not limited to Chrysler Capital for in excess of $150,000 in actual damages plus the costs of this action, and for punitive damages in the amount of $1,000,000, and; and adjudging and decreeing that the Defendants Chrysler Capital has engaged in the acts or practices complained of herein, and that such

constitutes unfair acts or practices, Plaintiff request the Court issues a permanent injunction prohibiting Chrysler Capital and its agents herein, servants, employees, and all others in active concert or participation with any of them, from engaging in unfair deceptive practices and for such other relief as this Court deems just and proper.

**Count IX: Violations of Missouri's Unlawful Merchandising Practices Act, R.S. Mo. § 407.020, By Chrysler Capital Relating to the Retaliatory False Credit Report. (Count As to Santander Consumer USA, and Chrysler Capital)**

**1.** The plaintiff incorporates each of the allegations in paragraphs 1-113 herein above and incorporates by reference each allegation in her Count I through VIII.

**2.** The conduct of defendant Chrysler Capital and Santander Consumer USA in making the derogatory credit reports relating to the subject loan constituted violations of R.S. Mo. § 407.020 and the Missouri regulations for the implementation of Chapter 407 at 15 CSR 60- 8.010 *et seq.* (and in addition or in the alternative constituted violations of the Kansas Consumer Protection Act), particularly including but not limited to the alleged conduct of:

**a.** Reporting the account to the credit bureau and to Telecheck as delinquent after the plaintiff had given notice as to why she was withholding payments, and while the plaintiff was not obligated to make payments nor should have the plaintiff be given a 24.90% interest rate without all Defendants running the Plaintiff credit for the loan, without a purchase agreement, and without the Plaintiff fully executing the installment contract in which the Defendants forged the plaintiff name on the installment contract page 2 after plaintiff gave notification of fraud;

**b.** Failing to report to the credit bureau and Telecheck that the account was in dispute or to provide information to the credit bureau about the reasons for the plaintiff's

refusal to make payments, even after the plaintiff had given Chrysler Capital/ Santander Consumer USA notice of the dispute, and after the plaintiff had filed a complaint;

**c.** Failing to correct the derogatory credit reports. Pursuant to R.S. Mo. § 407.025, Plaintiff/Consumer is entitled to recover her actual damages and punitive damages and her reasonable attorney fees for the violations of R.S. Mo. § 407.020.

WHEREFORE, plaintiff/Consumer demands judgment against Santander Consumer USA and Chrysler Capital who is active concert with all Defendants for in excess of $150,000 in actual damages plus the costs of this action, for her reasonable attorney fees, and for a judgment for punitive damages for $2,000,000, and for such other relief as this Court deems just and proper.

**Count X: Truth in Lending ACT (TILA) (Against ALL Defendants/ Chrysler Capital /Santander Consumer USA) Rescission Based on Fraud - The Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.* (1994), as implemented by Regulation Z, 12 C.F.R. pt. 226 (2000)**

The plaintiff incorporates each of the allegations in paragraphs 1-113 herein above and incorporates by reference each allegation in her Count I through IX.

1. The Defendants Chrysler Capital, Santander Consumer USA, Aristocrat Motors, Ten Investment, Soave Automotive, Stephanie Tuner, Kayce Jones Porsche North America, Angela, its employee, servants, and agents did not provide truth in lending to the Plaintiff.
2. Aristocrat Motors/ Chrysler Capital, and Santander Consumer USA is a creditor as defined by 15 U.S.C. § 1602(f). Jackson is a consumer as defined by 15 U.S.C. ***935** § 1602(h).
3. The Retail Installment contract deal was to take place on December 4, 2018; the regularly scheduled payment was to start according to the contract on January 18,

2019 however it did not because Aristocrat did not send over the loan /contract Retail Installment contract to Chrysler Capital until February 2019; such was sent to Chrysler without all the documents being given to the Plaintiff for signature on December 4, 2018; page two of the installment contract has never been executed by the Plaintiff and such defendants forged the Plaintiff name to the contract page two– Retail installment contract on or about August 2021. Consummation of a credit transaction occurs when the buyer signs the credit contract. *See Terry v. Whitlock,* 102 F. Supp. 2d 661, 664 (W.D.Va.2000); *see also Moore v. Flagstar Bank,* 6 F. Supp. 2d 496, 500 n. 6 (E.D.Va.1997) (defining consummation as "the time that a consumer becomes contractually obligated on a credit transaction" and stating that the plaintiff's "mortgage loan was consummated ... when the loan papers were signed") (citing 12 C.F.R. § 226.2(a) (13)). However the Defendants concealed page two of the installment contact on December 4, 2018 and such deal was never consummated for such was incomplete and not bidding; the Plaintiff gave notice to the Defendants of the installment contract being incomplete on August 4, 2021/ and rescission and confirmed with the Defendants of such factual findings on August 4, 2021. The Defendants acted in concert then forged the Plaintiff name on the document on or about sometime after August 4, 2021; Defendants then created two retail installment contracts and such Defendants by fraud consummated the deal in August 2021 by forging the Plaintiff name on the Retail installment contract and assigning the contract over to the Chrysler Capital. The Retail installment contract in August 2021 was procured by fraud. Such deal was never consummated page two of the retail contract was never signed by the

Plaintiff on December 4, 2018 nor was page two of the contract given to the Plaintiff for review on December 4, 2018; Therefore, the disclosure was insufficient and inaccurate in violation of the TILA. *See* 15 U.S.C. § 1638(a) (2) (B) (iii). *See Jones v. Bill Heard Chevrolet, Inc., 212 F.3d 1356, 1361 (11th Cir. 2000).* TILA disclosures must be made prior to the consummation of the credit transaction and such was not made to Plaintiff.

4. Plaintiff resends her signature on the Retail Installment Contract based on fraud in writing to the Defendants. If a creditor fails to make required disclosures under the Truth in Lending Act (TILA), borrowers are allowed three years from the loan's consummation date to rescind the loans. However, TILA does not include a statute of limitations outlining when an action to enforce such a rescission must be brought. Hoang v. Bank of America NA, No. 17-35993 (9th Cir. 2018)

5. The Retail Install Contract was not fully disclosed to the Plaintiff page two had to be disclosed to the Plaintiff in which it was not; The TILA requires that a dealer disclose the finance charge to a credit customer. *See* 15 U.S.C. § 1638(a) (3). The Act defines the finance charge as "the sum of all charges", payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the ***937** extension of credit." *Id.* § 1605(a).

6. All the relevant transactional specifics was not specifically spelled out and all pages of the installment contract was not signed by the Plaintiff and such installment contract has forgeries and has multiple installment contracts some with forgeries of the Plaintiff name and some lines left blank resulting in

confusion and such Truth in Lending prohibits confusion and the Plaintiff was entitled to full disclosure. Lack of disclosure now leads to this claim, all the Defendants documents herein contradicts and is misleading information which leads to this claim under this federal law.

7. The Defendants have created multiple documents contradictions the Defendants have multiple documents when such documents should only be one.
8. The consumer / Plaintiff seeks relief under the Truth In Lending Act to obtain either consequential or statutory damages. The federal law implemented through Regulation Z.
9. The Plaintiff seeks rescission based on fraud under the truth in lending act. The Defendants Chrysler Capital created a forged name of the Plaintiff on the Retail Installment contract in August 2021 when the Plaintiff gave notice of the Defendants fraud.
10. The retail installment contract stated the loan was to start on January 18, 2019; the loan did not start on January 18, 2019 in fact the loan was not sent to the lender from Aristocrat until 02/14/19 and the Defendants charged interest to the Plaintiff on the loan as of January 18, 2019 although the loan was not sent over until 02/14/19 and the loan was not assigned to the lender from Aristocrat until August 2021.
11. The Defendants acted in concert did not run the Plaintiff credit for the loan and gave the Plaintiff an 24.90% interest rate without ever running the Plaintiff credit or Aristocrat owning the car to sell and did not request any qualifying documents for the loan from the Plaintiff such as proof of employment and such never

verified Plaintiff employment whatsoever.

12. The Retailer Installment Contact **(Exhibit 8)** page 2 was never presented to the Plaintiff; page 1,3,4, and 5 were only presented in violation of the Truth in Lending ACT (TILA). The Retail Installment Contract documents that purports to obligate Plaintiff to pay the loan with a 24.90% interest rate, Plaintiff did not receive page two of the installment contract that was required to be given to Plaintiff by the Truth in Lending Act nor did the Plaintiff ever receive a copy of the retail installment contract fully executed with the lender assigning the loan to the Defendants Chrysler Capital.

13. The conduct of Chrysler Capital and its agents, employees, servants, all active in concert as alleged with respect to the retaliatory falsehoods made by Chrysler Capital is actionable in tort under the Truth in Lending ACT (TILA).

14. The Truth in Lending ACT (TILA) is all about truth in lending. It was implemented by the Federal Reserve Board's Regulation Z (12 CFR Part 226). The provisions of the act apply to most types of consumer credit, including closed-end credit, within this case the fraudulent car loan.

15. The Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.* (1994), as implemented by Regulation Z, 12 C.F.R. pt. 226 (2000), was designed by Congress as a tool "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him ... and to protect the consumer against inaccurate and unfair credit billing ... practices." 15 U.S.C. § 1601(a). To that end, the TILA mandates that creditors make specific disclosures when extending credit to consumers. *See* 15 U.S.C §

1638(a); *Gilbert v. Wood Acceptance Co.,* 486 F.2d 627 (7th Cir.1973). These disclosures include the identity of the creditor, the amount financed, the finance charge, and the total number of payments. 15 U.S.C. § 1638(a). Because the TILA is to be broadly construed to provide protection for the consumer, any failure to disclose information as required by the TILA or Regulation Z results in a technical violation. *See Walker v. College Toyota, Inc.,* 399 F. Supp. 778 (W.D.Va.1974), *aff'd* 519 F.2d 447 (4th Cir. 1975); *Riggs v. Government Emp. Financial Corp.,* 623 F.2d 68 (9th Cir.1980).

16. The Defendants purchase agreement doesn't have a finance charge.

WHEREFORE plaintiff /Consumer demands judgment against (ALL) defendants but not limited to Chrysler Capital and Santander Consumer; TILA authorizes damages up to double the finance charges and other equitable relief for the purpose of remediation in the amount of 59,799 the court deems just and proper and for such other relief as this Court deems just and proper.

Respectfully Submitted,

By: Jackson Kris Chapter

Jackson, Kris Chapter
PO Box 11143
Overland Park, KS 66207
jackson@chchproductions.com

**Verification**

I, Jackson Kris Chapter, declare as follows:

**1.** I am a Plaintiff in the present case, a citizen of the United States of America, resident of the State of Missouri.

**2.** I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing Verified Amended Complaint; and if called on to testify I would competently testify as to the matters stated herein.

**3.** I have personal knowledge of the Defendants and their activities, and their intentions, including those set out in the foregoing Verified Amended Complaint and if called on to testify I would competently testify as to the matters stated herein.

**4.** I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint concerning myself, my activities/ defendants and my / defendant's intentions are true and correct, as are the factual statements concerning Defendants herein above and their activities, and their intentions.

Date: 01/17/2022

By: Jackson Kris Chapter
Jackson, Kris Chapter, Plaintiff

**CERTIFICATE OF SERVICE**

**1.** I James Johnson, hereby certify that a true and correct copies of the Jackson' First Amended Complaint and Notice of Lodgment of Exhibits was mailed to the effected parties below by first class mail this 18th day of January 2022.

Santander Consumer USA, Inc.
1601 Elm St. Ste. 800 Dallas, TX 75201

Chrysler Capital
1601 Elm St. Ste. 800 Dallas, TX 75201

T.E.N. Investments, Inc.
d.b.a. Aristocrat Motors - Mercedes Benz
9400 W 65th Street, Merriam, Kansas 66203
and CT Corporation System
120 South Central Ave. Clayton, MO 63105

Soave Automotive Group, Inc.
13851 Madison Ave. Kansas City, MO 64145
and CT Corporation System
120 South Central Ave. Clayton, MO 63105

Aristocrat Motors – Mercedes Benz
9400 W 65th St. Merriam, KS 66203

PORSCHE CARS NORTH AMERICA, INC.
One Porsche Drive Atlanta, GA 30354
and CT Corporation System
289 S Culver St Lawrenceville, GA 30046-4805

Marion Battaglia
5101W 116th St Leawood, KS 66211

Robert Hellweg
9400 W 65th St. Merriam, KS 66203

Angela Lewitzke
4030 Jackson Dr. Apt. 105 Independence, MO 64057

Stephanie Anne Turner aka Stephanie Gador
14501 Woodson Street, Overland Park Kansas 66223

Kayce Jones
c/o Quote Factory
7208 W 80th St Ste 204, Overland Park, KS 66204

Dated: 01/18/2022. By: ______________________
James Johnson