IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KRIS CHAPTER JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-00018-DGK |
| | ) | |
| SOAVE AUTOMOTIVE GROUP, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER TRANSFERRING CASE TO THE DISTRICT OF KANSAS

This case involves the sale of a vehicle. Plaintiff Kris Chapter Jackson alleges she purchased a Porsche from Defendant "Aristocrat Motors – Mercedes Benz", a dealer of luxury cars in Merriam, Kansas (the "Dealership"). Plaintiff alleges the Dealership, its employees, and its affiliated companies committed fraud in the sale and financing of the car. Plaintiff then filed a multi-count lawsuit against everyone allegedly involved in these misdeeds, including Defendants Santander Bank Consumer USA, Inc. ("Santander"), T.E.N. Investments, Inc. ("T.E.N."), Soave Automotive Group, Inc. ("Soave"), Marion Battaglia, Robert Hellweg, Angela Lewitzke, Stephanie Anne Turner, and Kayce Jones (collectively, "Defendants").

Now before the Court is Defendants' motion to dismiss. ECF No. 72.[1] Plaintiff opposes most of the bases argued in Defendants' motion to dismiss, *see* ECF No. 77, but not the argument that this Court is an improper venue. On the venue issue, Plaintiff has even moved to transfer the case to the United States District Court for the District of Kansas. ECF No. 81.

---

[1] Defendants state—and Plaintiff does not dispute—that "Aristocrat Motors – Mercedes Benz" is not a separate legal entity. Rather, it is simply a car dealership owned by T.E.N. and/or other entities. So Aristocrat Motors, which is referred to as the Dealership throughout this Order, is not a Defendant for purposes of this motion. Moreover, while Porsche North America was previously a Defendant, they were dismissed without prejudice earlier in this litigation. ECF No. 66.

Because Defendants have shown that venue is improper here and Plaintiff has shown that this case could have been brought in the District of Kansas and transfer there is in the interests of justice, the Court GRANTS IN PART Defendants' motion (ECF No. 72) insofar as venue is improper and GRANTS Plaintiff's motion (ECF No. 81) to transfer this case.  This case is TRANSFERRED to the District of Kansas.

## Standard

Among other bases, Defendants have moved to dismiss on venue grounds.  A party may move to dismiss a case that is improperly filed in the wrong judicial district or division.  *See* 28 U.S.C. § 1406(a); Fed. R. Civ. P. 12(b)(3).  Whether venue is proper in a given judicial district is "generally governed by 28 U.S.C. § 1391."  *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013).  As is relevant here, venue exists under § 1391 in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).[2]

But even if venue is improper in a judicial district, dismissal is not automatic.  Where, as here, the opposing party requests transfer—rather than dismissal—the Court must determine whether the "interests of justice" support transferring the case to a judicial district where the case could have been brought.  *See* 28 U.S.C. § 1406(a).

## Factual Background

The Court previously allowed limited discovery on the issue of personal jurisdiction.  ECF No. 68.  So the following facts are not only from the Second Amended Complaint ("SAC"), ECF No. 46, but also from the parties' jurisdictional discovery. *See Sitzer v. Nat'l Ass'n of Realtors*, No. 4:19-CV-00332-SRB, 2019 WL 3892873, at *1 (W.D. Mo. Aug. 19, 2019).

---

[2] Neither party argues the other provisions of § 1391 apply here.

T.E.N. is a Kansas Entity with its principal place of business in Kansas. T.E.N. owns and operates the Dealership in Merriam, Kansas at the center of this case. In 2017, Ronald G. Meyer allegedly sold back a 2015 Porsche Cayenne to the Dealership. But according to Plaintiff, Mr. Meyer did not complete the transfer of title documents when he did so. Instead, Plaintiff alleges that Defendant Jones, who worked at the Dealership, forged his name on the title documents. All allegations throughout the SAC relate to Jones' actions taken exclusively at the Dealership in Kansas; there are no allegations related to Missouri.

At all relevant times, Plaintiff was a "citizen" of Missouri. In late 2018, Plaintiff went to the Dealership to purchase a Porsche. Plaintiff eventually decided to buy the 2015 Porsche previously owned by Mr. Meyer. In the process of financing the purchase, Defendant Turner, a Dealership employee, allegedly completed a loan application on Plaintiff's behalf that listed incomplete and incorrect information about Plaintiff and her co-borrower's finances. The financing was through Santander, an alleged Texas entity. Defendants Turner, Santander, and T.E.N. allegedly did not attempt to get credit reports or confirm Plaintiff's finances before issuing the loan. The loan was allegedly at 24.90% interest rate and required $811 monthly payments. She also alleges that there is no signed purchase agreement or odometer disclosure for the Porsche. There were other alleged deficiencies in the sale, but they all appear to have occurred in Kansas.

Plaintiff says she later discovered she did not even own the car due to issues with the title. By that time, Plaintiff alleges she paid tens of thousands of dollars on the car. Plaintiff then had an email exchange with Defendant Hellweg, a Dealership employee, about the various issues with the car purchase, loan, and title. Plaintiff also had a phone call with Santander about the problems with the loan and later filed a complaint against them. Plaintiff also allegedly contacted Defendant Lewitzke, another Dealership employee, about the contracts not being signed. And at some point,

Defendant Lewitzke allegedly backdated and signed a document. But this also occurred in Kansas. Likewise, Defendant Battaglia, another Dealership employee who lives and works in Kansas, responded to some email from Plaintiff.

At some point in the dispute process, Plaintiff stopped making payments on her loan. Despite allegedly assuring Plaintiff they would not report anything about the missed payments, Santander later allegedly reported to credit agencies that Plaintiff had stop making payments. Defendant Soave is alleged to be a Missouri entity with a principal place of business in Missouri, but Plaintiff alleges no specific actions taken by Soave in Missouri. As best the Court can tell, Soave simply appears to be affiliated in some way with T.E.N. and the Dealership in Kansas.

## Discussion

Defendants have moved to dismiss on personal jurisdiction, failure to state a claim, abstention, and venue grounds. ECF Nos. 72–73. Plaintiff responds to most of those bases in her opposition, but she does not contest that venue is improper. ECF No. 77. In fact, at the end of her opposition, she asks the Court to alternatively transfer the case to the District of Kansas. *Id.* at 13. After briefing closed on the motions to dismiss, she expounded on this alternative request by filing a separate motion seeking transfer under §§ 1404 and 1406. Defendants responded that while venue is improper here, the interests of justices do not support transfer.[3]

The first step is to determine whether venue is improper here. The parties essentially agree that it is, and they do so for good reason. The venue analysis focuses "on [the] relevant activities of the defendant in the forum state, not on the effect of those activities on the plaintiff in the forum

---

[3] Defendants raise a personal jurisdiction argument, but the Court elects to address venue without addressing personal jurisdiction. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). There is a strong prudential reason to do so here because all parties effectively agree that venue is improper, thereby obviating the need to address the more complicated personal jurisdiction issue that does not apply to all Defendants.

state." *Steen v. Murray*, 770 F.3d 698, 703 (8th Cir. 2014). Here, Defendants' relevant activities show no substantial connection to Missouri. The car at issue was sold to the Dealership in Kansas, Plaintiff then went to that Dealership to buy the car, the loan applications for the car were completed there, and the purchase agreements were entered there. And although Plaintiff *may* have been in Missouri when she later communicated with some Defendants on a few occasions, these communications were infrequent and oftentimes initiated by Plaintiff. In fact, of the communications initiated by Plaintiff, most were directed to Defendants in Kansas. And while Plaintiff may have felt some of the effects of Defendants' alleged conduct in Missouri where she lived, that is irrelevant to the venue analysis. *See id*. So a substantial part of the events did not occur in Missouri.

Since venue is improper, the next step is to determine whether this case should be dismissed or transferred. Like the first inquiry, this one is equally clear because the case could have been brought in Kansas originally and the interests of justice support transfer. *See* 28 U.S.C. § 1406(a). As noted extensively above, a substantial part of the relevant events occurred in Kansas, and Defendants do not dispute that they are subject to personal jurisdiction there.[4] And although Defendants claim Plaintiff is playing delay games and frustrating the legal process, the Court is not convinced this is so. Plaintiff is pro se, and it appears that she genuinely—though mistakenly— believed that venue was proper here since she was allegedly a Missouri citizen. This is underscored by the fact that she essentially conceded the argument once Defendants made it in their motion to dismiss. And dismissing the case could lead to a running of the statute of limitations on her claims and could cause unnecessary delay and administrative costs associated

---

[4] Even putting aside Defendants' waiver of any personal jurisdiction argument for purposes of this venue analysis, personal jurisdiction is also supported by the current record: most Defendants are Kansas residents or entities, and the others took specific actions to facilitate Plaintiff's purchase and financing of the car in Kansas.

with refiling. *See Arkansas-Missouri Forest Prod., LLC v. Lerner*, No. 4:15-CV-00771-SRB, 2016 WL 756503, at *4 (W.D. Mo. Feb. 25, 2016) ("Transfer is preferred over dismissal whenever possible to remove procedural obstacles which would prevent an expeditious and orderly adjudication of a case on its merits." (internal quotation marks omitted)); *see also Smith v. U.S. Dep't of Just.*, 223 F. App'x 528, 529 (8th Cir. 2007) (reversing and remanding district court's § 1406(a) *dismissal* where the plaintiff was pro se and had appeared to make an honest mistake in filing in the wrong venue).

The Court finds that venue is improper here, it is proper in the District of Kansas, and the interests of justice support transferring it to that court. So the Court GRANTS IN PART Defendants' motion insofar as venue is improper, and it GRANTS Plaintiff's motion to transfer to the District of Kansas.

## Conclusion

Because Defendants have shown venue is improper here and Plaintiff has shown this case could have been brought in the District of Kansas and transfer there is in the interests of justice, the Court GRANTS IN PART Defendants' motion (ECF No. 72) insofar as venue is improper and GRANTS Plaintiff's motion (ECF No. 81) to transfer this case. This case is TRANSFERRED to the District of Kansas.

**IT IS SO ORDERED.**

Date:   September 7, 2023                          /s/ Greg Kays
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT