Rev. 12/29/2022

**. IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **KRIS CHAPTER JACKSON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SOAVE AUTOMOTIVE GROUP, INC., et al.,**<br><br>**Defendants.** | **Case No: 2:23-cv-02403-DDC-TJJ** |

**SCHEDULING ORDER**

On November 15, 2023, U.S. Magistrate Judge Teresa J. James conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff Kris Chapter Jackson appeared pro se, by phone. Defendants Soave Automotive Group, Inc., T.E.N. Investments, Inc., Marion Battaglia, Stephanie Turner, Angela Lewitzke, Robert Hellweg, Kayce Jones, and Santander Consumer USA, Inc. appeared through counsel Kevin Case and Jamie L. Welch, by phone.[1]

Following is a brief summary of the nature of the case:

> This case arises from Plaintiff's purchase of a used vehicle in Johnson County, Kansas in December 2018. Plaintiff alleges the transaction was fraudulent and now seeks relief under several federal statutes including: Federal Odometer Law, Magnuson-Moss Federal Warranty Act, FTC Holder Rule or Lender Liability, Fair Debt Collection Practices Act (FDCPA), Truth In Lending Act (TILA), Fair Credit Reporting Act (FCRA), Retaliatory False Credit Report, federal mail fraud, federal wire fraud, bank fraud, Telephone Consumer Protection Act, and the Racketeer Influenced and Corrupt Organizations Act (RICO) pursuant to 28 U.S.C. § 1331.

---

[1]As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, crossclaimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

| Jackson v. Santander Consumer USA Inc., et al.<br>23-cv-2403-DDC-TJJ<br>SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiff to file third amended complaint naming John & Jane Does and correcting defendants' names | **November 22, 2023** |
| Serve Fed. R. Civ. P. 26(a)(1) initial disclosures and complete voluntary exchange of documents identified in initial disclosures | **November 22, 2023** |
| Jointly proposed protective order emailed to magistrate judge | **November 28, 2023** |
| Parties to email their joint report to the magistrate judge their understanding and/or agreement about the use of any documents obtained through discovery in the state court case | **November 30, 2023** |
| Motion and brief in support of proposed protective order (only if parties disagree) | **December 5, 2024** |
| Comparative fault identification | **December 12, 2023** |
| Plaintiff's settlement proposal | **December 14, 2023** |
| Motions to amend pleadings/join parties | **December 15, 2023** |
| Defendant's settlement counter-proposal | **December 28, 2023** |
| Plaintiff's experts disclosed | **January 29, 2024** |
| Jointly filed mediation notice filed, or confidential settlement reports emailed to magistrate judge | **February 2, 2024** |
| Defendants' experts disclosed | **February 29, 2024** |
| Mediation completed | **March 1, 2024** |
| Supplementation of initial disclosures | **40 days before the discovery deadline** |
| All discovery completed | **March 15, 2024** |
| Proposed pretrial order due | **March 25, 2024** |
| Pretrial conference before magistrate judge in KC | **April 4, 2024<br>at 10:00 AM** |
| Potentially dispositive motions (e.g., summary judgment) | **May 3, 2024** |
| Motions challenging admissibility of expert testimony | **42 days before trial unless *Daubert* challenge encompasses a summary judgment issue, then due May 3, 2024** |
| Jury Trial before District Judge in KC — ETT 5 days | **January 7, 2025 at 9:00 AM** |

**1. Alternative Dispute Resolution (ADR).**

The parties advised the court they had already mediated in the state court case. After discussing whether further ADR would be productive, the court set the following deadlines: Plaintiff must submit a good-faith settlement proposal to defendants by **December 14, 2023**. Defendants must make a good-faith counter-proposal by **December 28, 2023**. By **February 2, 2024**, either (a) the parties must **file** a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (b) each party must **email** a confidential settlement report to the undersigned U.S. Magistrate Judge at *ksd_james_chambers@ksd.uscourts.gov*. These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office. These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge. If the parties cannot agree on a mediator and any party wants the court to select a particular mediator or other ADR neutral, then the parties may each submit up to three nominations in their confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts.

Absent further order of the court, mediation is ordered no later than **March 1, 2024**. Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/.*

**2. Rulings on Motions.**

**a.** Plaintiff's oral motion for leave to file a third amended complaint is granted. Plaintiff is granted leave to file a third amended complaint that (1) removes "Aristocrat Motors – Mercedes Benz" and "Chrysler Capital" as defendants, (2) replaces the John and Jane Doe defendants with named defendants, and (3) adds allegations against these newly added defendants. No other amendment is permitted. Plaintiff shall file her third amended complaint by **November 22, 2023**. Plaintiff must serve summons and her Third Amended Complaint on all newly added defendants within 30 days after she files it.

**b.** Plaintiff's Motion to Stay and Compel Arbitration (ECF No. 89) is denied. The court finds Plaintiff has waived her right to arbitration by displaying conduct adverse to the right to arbitrate after consideration of the factors used to make the waiver assessment, as set out in Defendants' response (ECF No. 92). Plaintiff has substantially invoked litigation machinery and acted inconsistent with the right to arbitrate by filing this lawsuit on January 12, 2022, engaging in discovery and extensive motion practice while the case has been pending in both state court and the United States District Court for the Western District of Missouri before being transferred to this court. Plaintiff's actions in actively litigating this case, combined with a delay of nearly 19 months before filing her motion to stay and compel arbitration, waives her right to arbitrate.

**c.** Plaintiff's Motion for Entry of Default (ECF No. 90) is withdrawn. After the court explained that Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 72) remains pending and thus their deadline to answer has not yet expired, Plaintiff agreed to withdraw her Motion for Entry of Default.

**3. Discovery.**

**a.** By **November 22, 2023**, the parties shall serve Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. In addition, the parties have agreed to exchange the documents identified in their initial disclosures by **November 22, 2023**. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e), but no later than **40 days before the discovery deadline**. In addition, such supplemental disclosures must be served so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

**b.** All discovery must be commenced or served in time to be completed by **March 15, 2024**. Plaintiff raised the issue of whether documents obtained through discovery in the related state court case can be used in this case. By **November 30, 2023**, the parties shall email a joint report to the Magistrate Judge's chambers, after conferring in good faith, setting forth their understanding and/or agreement about the use in *this* case of any documents obtained through discovery in the state court case.

**c.** To the extent the parties disagree that comparative fault principles apply, by **December 12, 2023**, any party asserting comparative fault must identify all persons or entities whose fault is to be compared and specify the nature of the fault claimed.

**d.** Plaintiff's expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be served by **January 29, 2024**. Defendants' expert disclosures required by Fed. R. Civ. P. 26(a)(2) must

be served by **February 29, 2024**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

**e.** Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled consistent with the Court's form protective order.

**f.** Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled consistent with the Court's form protective order.

**g.** All depositions will be governed by the written guidelines on the court's website: *http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

**h.** Discovery may be governed by a protective order. If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit (via email to the Magistrate Judge's chambers) a jointly proposed protective order by **November 28, 2023**. At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c). If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate

motion and supporting memorandum, with the proposed protective order attached, by **December 5, 2023**.

**i.** The parties do consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

**j.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**4. Motions**

**a.** Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **December 15, 2023.** This does not extend the November 22, 2023 deadline for Plaintiff to file her third amended complaint, as set out in section 2.a. above.

**b.** All other potentially dispositive motions (e.g., motions for summary judgment), must be filed by **May 3, 2024**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

**c.** Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute.

**d.** All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **42 days before trial unless *Daubert* challenge encompasses a summary judgment issue, then due May 3, 2024**.

**e.** Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**f.** To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**g.** See D. Kan. Rule 7.1(d)(1)–(4), amended effective December 1, 2022, for applicable page limitations for discovery-related motions, summary judgment motions, and other motions.

**5. Pretrial Conference, Trial, and Other Matters.**

**a.** Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **April 4, 2024 at 10:00 AM** (central time) in the U.S. Courthouse, Room 236, located in Kansas City, Kansas before Magistrate Judge Teresa James. Attorneys wishing to appear by phone may request permission to do so by sending an e-mail to chambers 7 days before the conference; however, the judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person. No later than **March 25, 2024**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_james_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office.

**b.** The parties expect the jury trial of this case to take approximately 5 trial days. This case is set for trial before District Judge Daniel D. Crabtree beginning on **January 7, 2025 at 9:00 AM** in Kansas City, Kansas Courtroom 476. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

**c.** If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

**d.** This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated November 16, 2023, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge