IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KRIS CHAPTER JACKSON,**

    **Plaintiff,**

v.

**SOAVE AUTOMOTIVE GROUP, INC., et al.,**

    **Defendants.**

Case No: 2:23-cv-02403-DDC-TJJ

**ORDER MEMORIALIZING RULINGS
FROM SEPTEMBER 16, 2024 STATUS CONFERENCE**

On September 16, 2024, U.S. Magistrate Judge Teresa J. James conducted a Status Conference at the request of Plaintiff on several pending non-dispositive motions. Plaintiff Kris Chapter Jackson appeared pro se, by phone. Defendants Soave Automotive Group, Inc., T.E.N. Investments, Inc., Marion Battaglia, Stephanie Turner, Angela Lewitzke, Robert Hellweg, Kayce Jones, and Santander Consumer USA, Inc. appeared through counsel Patric Linden and Kevin Case, by phone. This order memorializes the oral rulings made at the Status Conference.

1. Defendants' Motion for Entry of a Protective Order (ECF No. 139) is **granted**. Defendants have shown good cause for entry of a protective order limiting the disclosure, dissemination, and use of certain identified categories of confidential information. The protective order proposed by Defendants, which uses the Court's pre-approved form, is reasonably limited in scope to proprietary and/or confidential business records, personnel files, and financial records and would protect the confidential information of all parties in this case. The Court will enter the protective order submitted by Defendants.

2. Plaintiff's Motion to Reassign Dispositive Motions to District Judge (ECF No. 178) is **denied**. Plaintiff requests the two pending motions to disqualify counsel (ECF Nos. 142 and 143) be reassigned to the District Judge because she argues they are "dispositive" motions. The Tenth Circuit has opined that motions to disqualify counsel are not dispositive motions. In *Hutchinson v. Pfeil*,[1] the Tenth Circuit held that motions to disqualify counsel are "among the nondispositive matters which a magistrate judge may decide." *Hutchinson* has also been relied upon by the subsequent 2010 Tenth Circuit case *McCans v. City of Truth or Consequences*.[2] The two cases Plaintiff cites and relies upon in her motion either could not be found or do not support the legal proposition or argument she makes.

3. Plaintiff's Motions to Disqualify (ECF Nos. 142 and 143) will be ruled on by the undersigned in a separate Memorandum and Order denying both motions.

4. Plaintiff's Motion for Modification of Scheduling Order (ECF No. 144) to the extent it seeks an extension of the August 23, 2024 deadline to file a motion for leave to file an amended complaint, established during the July 30 scheduling conference and as set forth in the Amended Scheduling Order (ECF No. 135), is **denied**. Plaintiff has not shown good cause to extend this deadline by another 30 days. Plaintiff claims she needs additional time due to a May 18, 2024 incident resulting in an eye injury and impaired vision. However, the Court notes Plaintiff was able to file numerous other motions between the July 30 scheduling conference and the August 23 deadline (ECF Nos. 138, and 142–148), and multiple motions since that deadline (ECF Nos. 166, 172, 173, 177, and 178), but yet has not adequately explained why she was not able to file her motion for leave to amend her complaint by the deadline. In addition, the Court finds this case

---

[1] 105 F.3d 562, 565 (10th Cir. 1997).

[2] 360 Fed. Appx. 964, 966 n.3 (10th Cir. 2010).

has a lengthy history. Plaintiff originally filed her Complaint in the Western District of Missouri on January 12, 2022, and the case was transferred to this Court on September 7, 2023, more than a year ago. The complaint has already been amended twice and the amendment deadline extended previously to August 23, 2024. Allowing Plaintiff another opportunity to amend her complaint at this late juncture in the case, with the discovery deadline less than three months away, would only further delay resolution of the claims she asserts in her Second Amended Complaint (ECF No. 46).

5. The parties shall email their confidential settlement statements to the chambers of the undersigned by **October 4, 2024**. After review of the statements and if it appears the prospects for settlement are good, the Court will advise the parties whether a magistrate judge is available to hold a mediation at no cost to the parties.

6. Noting the numerous motions filed within the past thirty days, the Court orders that **no new motions shall be filed by any party for fourteen (14) days from the date of the September 16, 2024 Status Conference**. This temporary filing restriction does not apply to responses or replies to motions filed prior to the Status Conference.[3]

IT IS SO ORDERED.

Dated September 19, 2024, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge

---

[3] This temporary filing restriction on new motions will also not impact the parties' ability to file motions seeking review of any rulings made at the Status Conference and memorialized in this order, because any such motions are not due until 14 days after being served with a copy of the written order stating the decision. Fed. R. Civ. P. 72(a).