IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas

OCT 16 2024

Clerk, U.S. District Court
By_____ Deputy Clerk

KRIS CHAPTER JACKSON,

    Plaintiff,

v.

SOAVE AUTOMOTIVE GROUP, INC., et al.,

    Defendants.

Case No: 2:23-cv-02403-DDC-TJJ

## NOTICE OF INTENT

### TO REQUEST THE ISSUANCE OF A SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, the Plaintiff intends to request issuance of a subpoena/ serve a Subpoena to produce documents, information, or objects or permit inspection of premises in a civil action in the form attached hereto, on October 30, 2024, or as soon thereafter as service may be effectuated.

The Subpoena will be directed to:

_Melanie S. Jack Assistant Attorney General_
_Office of Attorney General_
_120 S.W. 10th Ave 2nd Fl. Topeka, KS 66612-1597_

a nonparty to the action. A copy of the proposed subpoena is attached.

Dated: October 16, 2024,

Respectfully Submitted,
By:_____
Plaintiff, Jackson, Kris Chapter
(913) 804-1130
PO Box 11143
Overland Park, KS 66207
Email: jackson@chchproduction.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KRIS CHAPTER JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>SOAVE AUTOMOTIVE GROUP, INC., et al.,<br><br>    Defendants. | Case No: 2:23-cv-02403-DDC-TJJ |

### Certificate of Service

    I hereby certify that on October 16, 2024, a true and correct copy of the Plaintiff notice of intent to issue subpoena to produce documents, information, or objects to permit inspection of premises in a civil action was served to the named Defendants below counsel, by the court electronic mail.

Kevin D. Case, KS 14570
Patric S. Linden, KS 18305
Jamie L. Welch, KS 29318
2600 Grand Boulevard, Suite 300
Kansas City, MO 64108
Tel:(816) 979-1500
kevin.case@caselinden.com
patric.linden@caselinden.com
jamie.welch@caselinden.com
Attorneys for Defendants Soave Automotive Group, Inc., T.E.N. Investments, Inc., Marion Battaglia, Stephanie Anne Turner, Angela Lewitzke, Robert Hellweg, Kayce Jones, and Santander Consumer USA, Inc.

Dated: October 16, 2024,

Respectfully Submitted,
By: _____
Plaintiff, Jackson, Kris Chapter
(913) 804-1130
PO Box 11143
Overland Park, KS 66207
Email: jackson@chchproduction.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Kansas

| | |
|---|---|
| KRIS CHAPTER JACKSON, *Plaintiff* v. SOAVE AUTOMOTIVE GROUP, INC., et al., *Defendant* | ) ) ) ) Civil Action No. 2:23-cv-02403-DDC-TJJ ) ) ) ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: _Melanie S. Jack Assistant Attorney General_
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: (See Exhibit A)

| Place: PO Box 11143 Overland Park, KS 66207 | Date and Time: 11/15/2024 by 5:00 PM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-02403-DDC-TJJ

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                          _____
                                                *Server's signature*

                                              _____
                                                *Printed name and title*

                                              _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

Print   Save As...   Add Attachment                                   Reset

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## RECORDS TO BE PRODUCED

1. Produce any and all documents that act as an injunction under the Kansas Consumer Protection Act, K.S.A. 50-623, *et seq. against Santander Consumer USA Inc, Aristocrat Motors, Ten Investments Inc, Santander, Chrysler Capital, and Soave Automotive Group.*
2. Produce any and all documents that act as a judgment against *Santander Consumer USA Inc, Aristocrat Motors, Ten Investments Inc, Santander, Chrysler Capital, and Soave Automotive Group* under the Kansas Consumer Protection Act, K.S.A. 50-623, *et seq.*
3. Produce any and all documents that detail a petition filed against *Santander Consumer USA Inc, Aristocrat Motors, Ten Investments Inc, Santander, Chrysler Capital, and Soave Automotive Group* under the Kansas Consumer Protection Act, K.S.A. 50-623, *et seq.*
4. *Please produce any complaints from consumers against the Aristocrat Motors dealership.*
5. *Please produce any and all complaints from consumers against TEN Investments Inc.*
6. *Please produce any and all complaints from consumers against Chrysler Capital*
7. *Please produce any and all complaints from consumers against Santander Consumer USA Inc.*
8. *Produce any and all documents that was a stipulated agreement* that stipulates and agrees upon the Order of any Court to be issued pursuant to a Judgment that shall act as an injunction under the Kansas Consumer Protection Act, K.S.A. 50-623, *et seq against Santander Consumer USA Inc, Aristocrat Motors, Ten Investments Inc, Santander, Chrysler Capital, and Soave Automotive Group.*
9. *Please produce any and all* documents that details that Santander Consumer USA Inc or Santander shall cooperate with reasonable written requests for information relating to a Dealer or Dealers from a designated representative of the Monitoring Committee or the Signatory Attorney General's office.
10. Please produce any and all documents that detail the Monitoring Committee remediation plan as to consumer protection against Santander Consumer USA, Santander, *Chrysler Capital, and Soave Automotive Group* as it relates to the Kansas Consumer Protection Act, K.S.A. 50-623, *et seq.*
11. Provide any and all documents that details a remediation plan in which Santander Consumer USA, Santander, *Chrysler Capital, and or Soave Automotive Group* is to follow regarding consumer protection.
12. Please produce any and all documents detailing Santander aka Santander Consumer USA Inc compliance with the Monitoring Committee remediation plan.
13. Please produce any and all documents demonstrating Santander's aka Santander USA compliance with any and all injunctions, Judgments as it relates to consumer protection and or the Kansas Consumer Protection Act, K.S.A. 50-623.
14. Please produce and all documents that details The Monitoring Committee reports as to Santander aka Santander Consumer USA Inc. may not request the report
15. *Please produce the Monitoring Committee address and telephone number and email address.*

16. *Please produce Santander aka Santander Consumer USA Inc compliance reports regarding Santander's obligations under this Judgment in the case*
17. Please produce any and all documents that details that Santander shall create and maintain, for a period of at least three (3) years (unless a shorter time is specified for specific records elsewhere in this Judgment), all records necessary to demonstrate Santander's compliance with obligations under the Judgment as it relates to the case Shawnee County District Court Case Number 2020-CV-000277.
18. *Please provide any and all public consumer complaints against Santander aka Santander Consumer USA Inc as it relates to* Shawnee County District Court Case Number 2020-CV-000277. (Case Title Kansas ex Rel Derek Schmidt Atty General vs. Santander Consumer USA Inc – A foreign Corporation.
19. *Please produce any and all injunctions entered as it relates to Santander Consumer USA Inc within the case* Shawnee County District Court Case Number 2020-CV-000277. (Case Title Kansas ex Rel Derek Schmidt Atty General vs. Santander Consumer USA Inc – A foreign Corporation.
20. Please produce any and all journal entry of consent judgments entered into with the Kansas Attorney General and Santander Consumer USA INC.
21. *Please produce any and all documents of any journal entry of consent judgments entered into with Ten Investments Inc.*
22. *Please produce any and all journal entry of consent judgment entered into with Kansas Attorney General and Soave Automotive Group, and or Aristocrat Motors.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KRIS CHAPTER JACKSON, | |
| Plaintiff, | Case No: 2:23-cv-02403-DDC-TJJ |
| v. | |
| SOAVE AUTOMOTIVE GROUP, INC., et al., | |
| Defendants. | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

*To:* **THE PARTY THIS SUBPOENA IS DIRECTED:**

YOU ARE COMMANDED to produce legible copies of the records listed on the attached attachment (Records to Produce) and to serve the same upon Plaintiff Jackson, Kris Chapter at P.O. Box 11143 Overland Park, Kansas 66207, all within fourteen (14) days after receipt of this subpoena. Failure to comply with this subpoena may be deemed contempt of the Court. Any questions regarding the records requested to be produced should be directed to Jackson, Kris Chapter at P.O. Box 11143 Overland Park, Kansas 66207; Tel: (816)298-9355; and Email: Jackson@chchproductions.com.

(1) It is sufficient compliance with this subpoena that the custodian of business records deliver to Jackson, Kris Chapter at P.O. Box 11143 Overland Park, Kansas 66207 by mail or otherwise, the original of the attached Affidavit and true, correct and legible copies of the records described in Exhibit A hereof and contemporaneously, mail a copy of the attached Affidavit to the Clerk of the District Court, Johnson County Courthouse, 150 W. Santa Fe Street, Olathe, Kansas 66061, all within fourteen (14) days after receipt of this subpoena.

The copies of the record and the original of the Affidavit shall be enclosed in a sealed envelope or wrapper on which the case caption and case number, name and address of the affiant and the date of subpoena are clearly written. The sealed envelope or wrapper shall be delivered to (Plaintiff) Jackson, Kris Chapter at P.O. Box 11143 Overland Park, Kansas 66207.

The records described in this subpoena shall be accompanied by the original Affidavit of a custodian of the records, a form for which is attached to this subpoena. If the business has none of the records described in the subpoena or only part thereof, the Affidavit shall so state, and the custodian shall send only those records of which the custodian has custody. When more than one person has knowledge of the facts required to be stated in the Affidavit, more than one Affidavit may be made.

(2) You may object to the production of any or all of the records listed above by serving written objection upon (Plaintiff) Jackson, Kris Chapter at P.O. Box 11143 Overland Park, Kansas 66207; within fourteen (14) days after service of this subpoena. If such objection is so made; the records need not be produced except upon further order of the Court.

The reasonable cost of copying may be demanded of the party causing the subpoena to be issued. If the costs are so demanded, the records need not be produced until the costs of the copying are advanced. The copy of the records will not be returned unless otherwise specifically requested.

Respectfully submitted,

_____
Jackson Kris Chapter
P.O. box 11143
Overland Park, KS 66207
Tel:(913) 298-1335
Jackson@chchproductions.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KRIS CHAPTER JACKSON,

    Plaintiff,

v.

SOAVE AUTOMOTIVE GROUP, INC., et al.,

    Defendants.

Case No: 2:23-cv-02403-DDC-TJJ

STATE OF _____ )
                                       ) ss.

COUNTY OF_____)

## AFFIDAVIT FOR RECORDS

BEFORE ME, the undersigned authority, personally appeared _____, who, being by me duly sworn, deposed as follows:

    I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:
I am the authorized _____of Kansas Department of Revenue Division of Vehicles (Custodian of Records) (Titles and Registration)
 Or registered agent and have the authority to certify records. Attached hereto are _____ pages of records of _____.

    These \_\_\_\_ pages of records are kept by in the regular course of business, and it was the _____regular course of business for an employee or representative with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to be included in such records; and the record was made at or near the time of the act, event, condition, opinion or diagnosis.

The records attached hereto are exact duplicates of the original.

_____
                                                              Custodian of Business Records


In witness whereof, I have hereunto subscribed my name and affixed my official notary seal of the State of _____, on _____, 20___.

My Commission Expires:

_____

                                                              _____
                                                              Notary Public in and for said County and State