## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**KRIS CHAPTER JACKSON,**

          **Plaintiff,**

v.

**SOAVE AUTOMOTIVE GROUP,**
**INC., et al.,**

          **Defendants.**

**Case No: 2:23-cv-02403-DDC-TJJ**

### DISCOVERY CONFERENCE ORDER

On October 25, 2024, U.S. Magistrate Judge Teresa J. James conducted a telephone discovery conference in accordance with D. Kan. Rule 37.1(a) at the request of Defendants regarding Plaintiff's Objections to Defendants' Amended Notice of Videotaped Deposition and Motion for Protective Order (ECF No. 194), and Plaintiff's responses and objections to Defendants' first interrogatories, requests for production, and requests for admission. Plaintiff Kris Chapter Jackson appeared pro se. Defendants Soave Automotive Group, Inc., T.E.N. Investments, Inc., Marion Battaglia, Stephanie Turner, Angela Lewitzke, Robert Hellweg, Kayce Jones, and Santander Consumer USA, Inc. ("Defendants") appeared through counsel Patric Linden and Jamie Welch. Prior to the discovery conference, Plaintiff and Defendants emailed chambers their written discovery position statements and copies of the discovery responses and objections in dispute. This order memorializes the oral rulings made at the discovery conference.

1.       Plaintiff's Motion for Protective Order (ECF No. 194) is **granted in part and denied in part**. Plaintiff's request to appear at her October 30, 3024 deposition by remote means is **denied**. Plaintiff has failed to show good cause under Fed. R. Civ. P. 26(c) and Rule 30(b)(4) to appear at her deposition by remote means. First, there is no travel expense to Plaintiff resulting

from denial of her request to appear remotely as Defendants' counsel have agreed to travel to Plaintiff's location in Illinois for her deposition. Additionally, Defendants have offered reasonable precautions and measures to address Plaintiff's health concerns during her deposition. In weighing Plaintiff's stated health concerns, the Court notes that Plaintiff specifically requested this telephone discovery conference and any hearing on Defendants' potential motion to compel be held "in-person" and indicated that she was willing to travel to Kansas for the conference and hearing. This contradicts Plaintiff's argument that her deposition must be taken remotely to protect her health. Plaintiff has not presented any letters or statements from her health care providers supporting her request to appear remotely for her deposition. Finally, the Court finds that an in-person deposition is justified and will likely be beneficial given Plaintiff's vision problems and the anticipated need to review and testify regarding documents during the deposition.

Plaintiff's request for an order limiting her deposition to one day of 7 hours, imposing safety precautions, and permitting another person to accompany and be present to assist Plaintiff at the deposition with reading deposition exhibits is **granted**. Plaintiff has shown good cause for these limitations. Plaintiff's deposition shall not exceed "one day of 7 hours," as limited by Fed. R. Civ. P. 30(d)(1). Plaintiff's deposition shall also be conducted in accordance with the safety precautions Defendants have offered, namely masking, social distancing, no use of strong fragrances, no food and only water permitted in the conference room. Plaintiff shall be permitted one person to accompany and appear with her at her deposition for the sole purpose of assisting her with reading deposition exhibits. The person Plaintiff selects to assist her shall not be a witness in this case. This person shall not provide any advice, object to the questions, or otherwise signal or coach Plaintiff's answers during the deposition. If the person providing reading assistance to Plaintiff causes excessive delay in the deposition, Defendants may request and the Court would

2

consider extending the 7 hour limit. Plaintiff shall appear for her deposition on October 30, 2024 at the time and location set forth in the Amended Notice (ECF No. 187), subject to the limiting conditions set forth above.

2.       After reviewing the materials submitted, the Court provided its guidance on some of the discovery issues raised by the parties, including:

a.       Global "general objections" asserted to all the discovery requests are generally considered improper and "tantamount to asserting no objection at all."[1] Such objections have been described as "mere hypothetical or contingent possibilities, where the objecting party makes no meaningful effort to show the application of any such theoretical objection to any request for discovery."[2]

b.       Objections to the term "Subject vehicle" because it contains a typographic error in the word "Porsche" and because it references the vehicle identification number in the definition would likely be overruled.

c.       Boilerplate objections that repeatedly raise the same monotonous and conclusory objections to discovery requests, such as vague, overly broad, burdensome, or not relevant, without containing any substantive discussion, explanation, or support for the objections are looked on with disfavor and would likely be overruled. Such objections merely state the legal grounds for the objection and do not provide the requesting party or the court any

---

[1] *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 539 (D. Kan. 2006).

[2] *Id.* (quoting *Cardenas v. Dorel Juv. Grp., Inc.*, 232 F.R.D. 377, 380 (D. Kan. 2005)).

way to evaluate the validity of the objection or whether information is being withheld pursuant to the objection.

    d.    A responding party is not required to re-produce documents in response to requests for production if that party has already produced those same documents, such as in its initial disclosures, but the party's discovery responses must identify the previously produced documents by bates stamp number or otherwise sufficiently identify which documents are responsive to the request.[3]

    e.    Objections to requests for production of documents must state whether responsive documents and materials are being withheld on the basis of the objections, as required by Fed. R. Civ. P. 34(b)(2)(C).

3.    The Court also granted Defendants' unopposed oral request to extend their D. Kan. Rule 37.1(c) deadline to file a motion to compel regarding Plaintiff's responses and objections to Defendants' first interrogatories, requests for production, and requests for admission. Defendants' deadline is extended two weeks to **November 13, 2024**, subject to the requirement counsel for Defendants and Plaintiff continue conferring, or making efforts to confer, in good faith prior to Defendants filing their motion. Plaintiff's response shall be due by **November 27, 2024**. Defendants' reply shall be due **December 6, 2024**. Defendants' memorandum in support of their motion to compel and Plaintiff's response shall not exceed 10 pages in length.[4]

4.    At Plaintiff's request, the undersigned Magistrate Judge will hear oral argument and rule on Defendants' motion to compel at an "in-person" motion hearing to be held on

---

[3] *Id.* at 540–541.

[4] D. Kan. Rule 7.1(d)(1).

**December 19, 2024 at 1:00 PM (central time**) in Courtroom 236 of the United States Courthouse, located at 500 State Avenue, Kansas City, Kansas. If Plaintiff is not able to travel to Kansas City to attend the motion hearing in person, she must notify chambers and defense counsel **at least one week in advance** so the motion hearing can be converted to telephone or video conference.

5.      Plaintiff's Motion to Compel and Request for Sanctions (ECF No. 233) is **denied without prejudice** for failure to comply with D. Kan. Rule 37.1(a), which requires a party request a pre-motion telephone discovery conference before filing any discovery-related motion. Plaintiff must confer or make reasonable efforts to confer with Defendants' counsel concerning the discovery matter in dispute, as required by D. Kan. Rule 37.2, before requesting a pre-motion discovery conference.

IT IS SO ORDERED.

Dated October 29, 2024, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge