## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**KRIS CHAPTER JACKSON,**

    **Plaintiff,**

v.

**SOAVE AUTOMOTIVE GROUP, INC., et al.,**

    **Defendants.**

**Case No: 2:23-cv-02403-DDC-TJJ**

### DEFENDANTS' OBJECTION TO PLAINTIFF'S NOTICES OF INTENT TO SERVE SUBPOENAS ON MELANIE S. JACK AND DEREK SCHMIDT [ECF NOS. 221, 223]

Defendants Soave Automotive Group, TEN Investments, Inc. d/b/a Aristocrat Motors and Santander Consumer USA Inc. (collectively, "Defendants"), jointly and through undersigned counsel, respectfully file these objections to Plaintiff's Notices of Intent to Serve Subpoenas upon Melanie S. Jack and Derek Schmidt [ECF Nos. 221 and 223]. This objection is consolidated due to the similarity in these two notices of intent.

On October 16, 2024, Plaintiff filed her *Notice of Intent to Issue Business Records Subpoena* directed to former State of Kansas Attorney General, Derek Schmidt, and Assistant Attorney General, Melanie Jack. Pursuant to Fed. R. Civ. P. 45(d)(2)(B), Defendants have timely filed this objection within 14 days of Plaintiff's filing. Defendants object as follows.

**I.    Objection**

    **a.    Plaintiff's requests lack any relevance and are not proportional to the needs of this case.**

A business records subpoena is constrained by the general provisions governing discovery under Federal law. A key limitation is that the discovery sought must be both **relevant** and **proportional** to the needs of the case. *See* Fed. R. Civ. P. 26(b) (emphasis added). One

inquiry into relevance and proportionality is whether the discovery sought is important to resolving the issues *in the pending matter*. *See Id.* When relevance is not readily apparent, the party seeking the information bears the burden of showing relevance. *See Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006).

Through the proposed Subpoena, Plaintiff is fishing for a broad range of unrelated business records from the Kansas Attorney General regarding consumer actions against Santander Consumer USA Inc., Aristocrat Motors, T.E.N. Investments, Inc., Chrysler Capital, and Soave Automotive Group. It is unclear what Plaintiff's intent is, or why these documents would be relevant to resolving her claims in this lawsuit. Instead, it appears that Plaintiff intends to delve into the matters of any named Defendant, regardless of whether these documents truly support or resolve the issues before this Court. Filing a lawsuit does not give Plaintiff free reign to inquire into anything regarding an entity. Instead she must demonstrate why these documents are necessary or likely to lead to discoverable information.

      **b.**      **Plaintiff's requests are overboard, vague, and unduly burdensome.**

Plaintiff has a duty to prevent undue burden and expense on a person or entity subject to subpoena. See Fed. R. Civ. P. 45(d)(1). Plaintiff's inability to limit her requests to the facts of this case, a specific time period, and clearly identify documents imposes an arduous task on a non-party agency. Plaintiff's frequent use of omnibus phrases to identify undetermined categories of documents, her lack of temporal limitations, and her vague references to undefined terms make her requests overbroad on their face. Several of Plaintiff's requests seek "any and all" documents related to any action under the Kansas Consumer Protection Act against Santander Consumer USA Inc., Aristocrat Motors, T.E.N. Investments, Inc., Chrysler Capital

and Soave Automotive Group. Lacking any temporal scope, these requests seek a litany of potentially responsive documents for an unlimited period.

Allowing Plaintiff to make 22 separate requests for a broad swath of documents – for an unlimited period of time, and with little-to-no guidance for what she actually seeks – significantly increases the burden and expense associated with this matter by greatly expanding the time necessary to review all documents and subsequent motion practice. To be clear, if a subpoena is issued and documents produced, undersigned counsel will have to review all document produced, all of which will probably be irrelevant and/or inadmissible in this lawsuit. When a request is unduly burdensome, the onus is on the party requesting the information to prove that the burden or expense of the proposed discovery is outweighed by its proposed benefit. *See* Fed. R. Civ. P. 26(b). If Plaintiff fails to do so, this Court should refuse to issue the Subpoena.

Respectfully submitted,

**Case Linden Kurtz Buck P.C.**

s/Jamie L. Welch
Kevin D. Case, KS 14570
Patric S. Linden, KS 18305
Jamie L. Welch, KS 29318
2600 Grand Boulevard, Suite 300
Kansas City, MO  64108
Tel:  (816) 979-1500
Fax:  (816) 979-1501
kevin.case@caselinden.com
patric.linden@caselinden.com
jamie.welch@caselinden.com
Attorneys for Defendants Soave Automotive Group, TEN Investments, Inc. d/b/a Aristocrat Motors and Santander Consumer USA Inc.

## Certificate of Service

   I hereby certify that on October 30, 2024, a true and correct copy of the above and foregoing was filed by electronic filing with the Clerk of the Court in the CM/ECF system, which will automatically send email notification of such filing to the following party of record. A copy was also transmitted via email and First Class U.S. Mail, postage prepaid, to:

Kris Chapter Jackson
P.O. Box 11143
Overland Park, KS 66207
jackson@chchproductions.com
chapterjackson816@yahoo.com
Plaintiff *pro se*

                s/Jamie L. Welch
                Jamie L. Welch