**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHAPTER KRIS JACKSON,

Plaintiff - Appellant,

v.

SANTANDER CONSUMER USA INC., a Texas for profit Corporation; CHRYSLER CAPITAL, a subsidiary of Santander Consumer USA, Inc.; T.E.N. INVESTMENTS INC., a Missouri for Profit Corporation; SOAVE AUTOMOTIVE GROUP, INC., a Missouri for Profit Corporation; ARISTOCRAT MOTORS – MERCEDES BENZ, a for profit business; MARION BATTAGLIA, an Individual and CEO and President of Aristocrat Motors; ROBERT HELLWEG, an Individual and Senior Vice President/Marketing Director of Aristocrat Motors; ANGELA LEWITZKE, an Individual and Controller/Secretary of Aristocrat Motors; STEPHANIE ANNE TURNER, a/k/a Sephanie Gador, an Individual and Finance Manager of Aristocrat Motors, Ten Investment, Soave employee; KAYCE JONES, an Individual and Title Specialist of Aristocrat Motors / Soave Automotive Group; DOES 1-50; JANE DOE; JOHN DOES,

Defendants - Appellees.

No. 24-3175
(D.C. No. 2:23-CV-02403-DDC-TJJ)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of

---

Before **BACHARACH**, **KELLY**, and **EID**, Circuit Judges.

---

Appellant Chapter Kris Jackson bought a used car. Sometime later, she discovered a host of alleged problems with her car's title and loan documents. Ms. Jackson filed a lawsuit in state court, and then—just two days later—she filed another lawsuit in federal court. Her claims in both suits were premised on the same underlying car purchase.

The district court stayed the federal case pending resolution of the concurrent state-court case under the *Colorado River* doctrine. Ms. Jackson appeals *pro se*[1] from this stay order. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

The operative complaint alleges that Ms. Jackson visited Aristocrat Motors[2] in December 2018 to purchase a used Porsche Cayenne. Her experience with the dealership was reportedly less than stellar. Prior to the sale, Aristocrat Motors

---

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe a *pro se* litigant's papers liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But we don't "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] Appellee T.E.N. Investments, Inc. operates as a car dealer under the trade name "Aristocrat Motors." *See* Aplee. Br. at 3 & n.1.

falsified the car's title and mileage documents. It then railroaded Ms. Jackson through the sale process—forging her signature on loan paperwork, failing to provide necessary written disclosures, and producing a different Porsche Cayenne than the one she had selected. Despite her misgivings, Ms. Jackson took possession of the car and began making payments on her auto loan. But in August 2021, after discovering the full extent of Aristocrat Motors' alleged fraud, she stopped making payments. Debt collection efforts ensued, which negatively impacted Ms. Jackson's credit.

In January 2022, Ms. Jackson filed a lawsuit regarding the botched car purchase in the District Court of Johnson County, Kansas. She filed a second lawsuit two days later—premised on the same dispute—in the U.S. District Court for the Western District of Missouri.

In March 2023, Appellees moved to dismiss or stay the federal case for lack of personal jurisdiction, failure to state a claim, *Colorado River* abstention, or improper venue (the "First Dismissal Motion"). Ms. Jackson filed a response opposing most of the grounds argued in the First Dismissal Motion, but not the improper venue argument. Instead, Ms. Jackson separately moved to transfer the case to the U.S. District Court for the District of Kansas. Noting the parties' apparent agreement that venue was mislaid in Missouri, the district court granted both Ms. Jackson's transfer motion and the venue-related portion of the First Dismissal Motion. The federal case was thus transferred to Kansas. At that time, the First Dismissal Motion remained pending as to its other, unreached arguments.

More than a year later—after a lengthy stay occasioned by involuntary bankruptcy proceedings against Ms. Jackson—the district court denied the First Dismissal Motion "without prejudice to refiling." R. vol. 1 at 403. The court observed that Appellees' "arguments about personal jurisdiction in Missouri [were] moot[ed]" by the case's transfer to Kansas. *Id.* But as before, the other arguments in the First Dismissal Motion were left unreached.

In July 2024, Appellees renewed their motion to dismiss or stay the federal case, this time on the alternative grounds of improper claim-splitting and *Colorado River* abstention (the "*Colorado River* Motion").[3] Ms. Jackson moved to strike the *Colorado River* Motion, casting it as an "impermissible attempt to relitigate the same issues" raised in the First Dismissal Motion. R. vol. 2 at 249. However, she did not file any substantive response to the *Colorado River* Motion, nor did she address the motion's merits in other papers. *See id.* at 442 n.10.

On November 18, 2024, the district court granted the *Colorado River* Motion. The court concluded that the state and federal actions involved "substantially the same parties litigat[ing] substantially the same issues in different forums" and, thus, were parallel cases. *Id.* at 425 (internal quotation marks omitted); *see id.* at 430. It

[3] Under the *Colorado River* doctrine, a federal court may—in the interests of efficiency, economy, and "wise judicial administration"—stay or dismiss a case that is duplicative of a pending state court proceeding. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (brackets omitted); *see id.* at 817–19.

further concluded that the balance of relevant factors[4] favored deference to the state proceedings. *Id.* at 440. The federal case was thus stayed and administratively closed pending the outcome of the state-court case.

This appeal timely followed.

## DISCUSSION

### I. Appellate Jurisdiction

We address the substance of the appeal below. But before we do, we first identify which matters are properly before us on appeal—and which ones are not.

[4] The *Colorado River* doctrine involves analysis of eight nonexclusive factors to decide whether "exceptional circumstances" warrant a federal court's deference to parallel state proceedings:

> 1. the possibility that one of the two courts has exercised jurisdiction over property
> 2. the inconvenience from litigating in the federal forum
> 3. the avoidance of piecemeal litigation
> 4. the sequence in which the courts obtained jurisdiction
> 5. the vexatious or reactive nature of either case
> 6. the applicability of federal law
> 7. the potential for the state-court action to provide an effective remedy for the federal plaintiff
> 8. the possibility of forum shopping.

*Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1121–22 (10th Cir. 2018) (internal quotation marks omitted).

In the opening brief, Ms. Jackson asserts between eight and twenty-five separate claims of error.[5] Many (if not most) of them are directed to the merits of filings that the district court had not yet disposed of, and were thus left pending, when the *Colorado River* stay entered. These include:

- The motion to strike the *Colorado River* Motion;
- An objection to the magistrate judge's order denying her motion to stay and compel arbitration;
- A renewed motion to stay and compel arbitration based on newly discovered claims;
- An objection to the magistrate judge's order denying her motion to modify the scheduling order, to the extent she sought additional time to move for leave to file an amended complaint;
- A motion for the magistrate judge's recusal;
- An objection to the magistrate judge's order denying (i) her motions to disqualify Appellees' counsel, and (ii) her motion for appointment of counsel as accommodation for her disabilities; and
- A motion to transfer the case to the U.S. District Court for the Central District of California or, alternatively, to dismiss on ground of *forum non conveniens*.

Ms. Jackson's notice of appeal, however, is much narrower. In it, the sole matter she asks us to review is the district court's order granting the *Colorado River* Motion. *See* R. vol. 2 at 444.

---

[5] More specifically, the "Statement of Issues" portion of the opening brief lists eight issues, *see* Aplt. Br. at 15–16, but the "Arguments" portion nominally includes twenty-five issues, *see id.* at 20–48.

The Federal Rules of Appellate Procedure require a notice of appeal to "designate the judgment—or the appealable order—from which the appeal is taken." Fed. R. App. P. 3(c)(1)(B). "[T]hose designations circumscribe the scope of our appellate review." *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1199 n.8 (10th Cir. 2017). In this case, the notice of appeal expressly designates the order granting the *Colorado River* Motion—and nothing more. To be sure, this is not the end of our Rule 3 inquiry. "[W]e construe [the] designation requirement liberally," *Williams v. Akers*, 837 F.3d 1075, 1078 (10th Cir. 2016), and we may maintain jurisdiction so long as "other papers filed within the time period for filing the notice of appeal provide the functional equivalent of what Rule 3 requires," *Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847, 849 (10th Cir. 1997) (internal quotation marks omitted). Likewise, the notice of appeal (or its functional equivalent) "encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order," such that those orders need not be expressly designated. Fed. R. App. P. 3(c)(a); *see McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1104 (10th Cir. 2002) ("An appeal from a final judgment usually draws into question all prior non final orders and all rulings which produced the judgement." (internal quotation marks omitted)).

Here, from her filings, it is evident that Ms. Jackson intended to seek review of the undesignated motions and objections listed above,[6] and that those matters would

[6] Within the 30-day period for filing the notice of appeal, *see* Fed. R. App. P. 4(a)(1)(A), Ms. Jackson filed an "Appellant Statement of Issues on Appeal"

have "merged" into the properly designated *Colorado River* Motion. So, Ms. Jackson's failure to designate the above-listed motions does not hamper our ability to review them.

But other problems emerge. As Ms. Jackson herself admits, the district court had not taken action on any of the above-listed motions before the *Colorado River* stay was imposed.[7] Ms. Jackson cannot designate orders that the district court has not yet issued. *See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) ("Rule 3(c) requires that a notice of appeal designate an existent judgment or order, not one that is merely expected or that is, or should be, within the appellant's contemplation when the notice of appeal is filed."). Nor can she designate objections to magistrate judge decisions that the district court has not yet reviewed. *See Hutchinson v. Pfeil*, 105 F.3d 562, 565 (10th Cir. 1997) ("Because the district court has not yet ruled on Mr. Hutchinson's objections, we have no jurisdiction over these issues."). Moreover, even if the district court *had* ruled on these matters, several of them would have resulted in nonfinal orders that are not

---

requesting review of the above-listed motions and objections, *see generally* Dkt. No. 16. While we don't require *pro se* litigants to file a docketing statement, *see* 10th Cir. R. 3.4(A), we liberally construe this document as such.

[7] *See* Aplt. Br. at 34–35; *see id.* at 33 (arguing the district court failed to rule on motion to strike the *Colorado River* motion), 37 (same, as to objection to magistrate judge's denial of request for appointed counsel), 39 (same, as to objection to magistrate judge's denial of request to amend complaint), 40 (same, as to motion for magistrate judge's recusal), 40–41 (same, as to motion to transfer or dismiss, along with the standing arguments contained therein), 45 (same, as to arbitration-related motion and objection), 47 (same, as to motion to disqualify Appellees' counsel).

immediately appealable in any event. *See Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 429–31 (1985) (explaining that, unless the collateral order doctrine applies, § 1291 only grants appellate jurisdiction over "final decisions of the district court").

All of this to say—the order granting the *Colorado River* Motion marks the boundary line of our jurisdiction. The other above-listed motions and objections fall outside this line. We therefore will not consider arguments directed to the merits of filings that are undesignated, unresolved, and in many cases, unreviewable before final judgment.

## II. *Colorado River* Motion

### *A. Merits*

Having defined the scope of our review, we proceed there now. Broadly speaking, Ms. Jackson argues the district court abused its discretion by imposing the *Colorado River* stay. According to her, the state and federal lawsuits are not parallel because they assert distinct claims for relief, and application of the *Colorado River* factors reveals no exceptional circumstances warranting deference to the state proceedings. Appellees, meanwhile, point out that Ms. Jackson did not preserve her merits arguments opposing the *Colorado River* Motion below, and she does not make any plain-error arguments now—thus precluding appellate review. We agree with Appellees.

"When a party fails to raise an argument below, we typically treat the argument as forfeited." *United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir.

2019). "And when an appellant raises a forfeited argument on appeal, we will reverse only if the appellant can satisfy our rigorous plain-error test." *Id.* However, if the appellant "fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily deem the issue waived (rather than merely forfeited) and decline to review the issue at all—for plain error or otherwise." *Id.*

Here, Ms. Jackson's opposition to the *Colorado River* Motion comes too late. Although she moved to strike the motion as improperly successive,[8] she did not file any substantive response to it. The district court therefore never passed upon the arguments she makes now. What's more, she does not argue that the district court's application of the *Colorado River* doctrine amounted to plain error. The opening brief's only engagement with this standard consists in one sentence: "Appellant

---

[8] For the reasons set forth above, Ms. Jackson's motion to strike the *Colorado River* Motion is not properly before us. Still, she suggests the district court erred in taking up the *Colorado River* Motion because the issues therein had already been raised and ruled upon in the First Dismissal Motion. *See* Aplt. Br. at 35. To the extent this argument affects the merits of the *Colorado River* Motion—which *is* properly before us—we disagree that the *Colorado River* Motion was improperly successive and subject to strike. As the district court correctly explained:

> When the Western District of Missouri transferred this case, defendants' [First Dismissal Motion] remained pending. Our court[,] [the District of Kansas,] dismissed the pending motion without prejudice to refiling. Our court reasoned that portions of [the First Dismissal Motion] argued about defendants' personal jurisdiction in Missouri, an issue now moot after the transfer. Plaintiff understands this as the court denying the defendants' motion. But it wasn't. The court never reached the merits of defendants' motion. And so, the court explicitly allowed defendants to refile. For the first time here, the court reaches the merits [in] defendants' [*Colorado River* Motion]. The motion is not, therefore, redundant, and not subject to strike.

R. vol. 2 at 442 n.10 (citations omitted).

requests plain error review." Aplt. Br. at 20 (emphasis omitted). This single line, devoid of further analysis, comes nowhere close to explaining how the court's ruling involved "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005). Meanwhile, the reply brief[9] does not advance any plain-error arguments—but it does claim that, in substance, sections XX, XXII, and XXIV of the opening brief satisfy the requisite plain-error elements. *See* Aplt. Reply Br. at 26–30. They do not. And even if they did, those sections are directed to the merits of Ms. Jackson's arbitration-related motions which, as we have explained, are not properly before us on appeal. So, as to the *Colorado River* Motion, nothing in her appellate briefing has "successfully run the gauntlet created by our rigorous plain-error standard of review." *United States v. Rosales-Miranda*, 755 F.3d 1253, 1258 (10th Cir. 2014) (internal quotation marks omitted).

At bottom, Ms. Jackson's "failure to argue for plain error and its application on appeal . . . surely marks the end of the road for [her] argument for reversal not first presented to the district court." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011). We therefore decline to review her waived arguments regarding the district court's application of the *Colorado River* doctrine.

---

[9] We grant Ms. Jackson's motion to file her amended, type-volume compliant reply brief out of time, and we have carefully reviewed the arguments contained in the reply brief attached to that motion. *See* Dkt. No. 72.

*B. Related Issues*

Separately, Ms. Jackson argues the district court abused its discretion by imposing the *Colorado River* stay without first ruling on her other, above-listed motions and objections. We disagree. Neither the Federal Rules of Civil Procedure nor any relevant, binding case law[10] require a district court to take up certain motions before staying a case. To the contrary, every federal court has inherent power "to control the disposition of the causes on its docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). And under that authority, the district court had discretion to

[10] Ms. Jackson quotes *Walker v. City of Orem*, 451 F.3d 1139, 1150 (10th Cir. 2006), as stating that a "district court must 'consider all pending motions and develop an adequate record' before dismissal." Aplt. Br. at 33. *Walker* does not include this language, nor any resembling it. Likewise, she cites *United States v. Houston*, 792 F.3d 663, 669 (6th Cir. 2015), for the proposition that "failure to address pending motions constitutes procedural error." *Id.* *Houston* contains no such proposition. Other similarly problematic citations appear elsewhere in the opening brief.

We suspect these citations arise from artificial intelligence ("AI") "'hallucination[s],'" which occur "where an AI large language model generates an output that is fictional, inaccurate, or nonsensical." *Jones v. Kankakee Cnty. Sheriff's Dep't*, 164 F.4th 967, 969 (7th Cir. 2026). In fairness, Ms. Jackson has disclosed her reliance on "AI-based tools" to help her "prepare written submissions" in this case. Dkt. No. 72 at 2. But this disclosure does not excuse the requirement that "all litigants—represented and unrepresented—must read their filings and take reasonable care to avoid misrepresentations, factual and legal." *Jones*, 164 F.4th at 970; *accord* 10th Cir. R. 46.5(B)(2). Furthermore, Ms. Jackson's use of fabricated case law is particularly egregious, as multiple courts have recently put her on notice that this litigation conduct is unacceptable. *See* R. vol. 2 at 262–63; *see also Jackson v. BOK Fin. Corp.*, No. 25-cv-00297-SHE-SH, 2025 WL 2755868, at *4–6 (N.D. Okla. Sept. 29, 2025) (unpublished).

At this time, we decline to sanction Ms. Jackson. But we warn her that citation of hallucinated case law in future filings before this court—in this case, or any others—will subject her to sanctions.

determine the order in which to consider Ms. Jackson's pending motions. *See, e.g.*, *U.S. Abatement Corp. v. Mobil Expl. & Prod. U.S., Inc.*, 39 F.3d 556, 560 (5th Cir. 1994). We will not substitute our judgment for the district court's regarding such matters of docket management.

**CONCLUSION**

For the foregoing reasons, we AFFIRM the district court's order granting the *Colorado River* Motion. We also GRANT Ms. Jackson's motion for leave to file her amended, type-volume compliant reply brief out of time (Dkt. No. 72). All other motions pending before us are DENIED AS MOOT (Dkt. Nos. 44, 67, 70).

Entered for the Court

Allison H. Eid
Circuit Judge